# VAN REED, Respondent, v. MISSOURI, KANSAS & TEXAS RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, May 5, 1902.

1. **Negligence: CONFLICTING EVIDENCE: JURY QUESTION.** Where there is positive evidence on each side of a question, that question is for the jury and not for the court.

2. **Master and Servant: CONTRIBUTORY NEGLIGENCE: DIRECTION OF THE MASTER.** Where a servant is upon the ground to assist in removing a wreck by the direction of the master, the mere fact that he was doing nothing at the time of his injury can not make him guilty of contributory negligence.

3. **———: ———: PROXIMATE CAUSE.** The facts relating to an injury received by a servant while engaged under the direction of the master in removing a wreck, are reviewed and the negligence of the master in attaching a chain to a wrecked car and attempting to remove the same without signal of the starting, are held to be the proximate cause of the servant's injury.

4. **Negligence: USUAL COURSE: CARE.** Whatever is according to the general, usual and ordinary course adopted by those in the same business, is reasonably safe within the meaning of the law, but the details should be conducted with care.

5. **Master and Servant: DANGEROUS BUSINESS: MASTER'S NEGLIGENCE.** The fact that the business is dangerous will not excuse the master for his negligence, as the servant only assumed the risk incurred by the nature of the business.

6. Negligence: NOTICE: JURY QUESTION: NEGATIVE EVI-
DENCE. The negative evidence that a signal was not heard is
sufficient to send the question of whether a signal was given, to the
jury, notwithstanding there was positive evidence that the signal
was given.

7. ——— : ——— : FELLOW-SERVANT. On the evidence it is
found that the injury complained of was not received at the hands
of his fellow-workmen, but that the business was conducted by the
superintending officers of the defendant.

2. ——— : ——— : CONTRIBUTORY NEGLIGENCE: ACCIDENT.
On the evidence it is held that the question of contributory negli-
gence was fairly submitted to the jury and the injury was not
an accident.

Appeal from Henry Circuit Court.—*Hon. W. W. Graves,*
Judge.

AFFIRMED.

*Geo. P. B. Jackson* for appellant.

(1) The particular thing that caused the plaintiff's
injury could not, and would not reasonably be anticipated as
the result of making the hitch to the car, either in the manner
claimed by plaintiff, or as described by defendant's witnesses.
Moreover, the nature of the work of moving wrecked cars is
necessarily dangerous, and the doing of such work in the usual
way, although liable to cause injury to those engaged in or
near to it, was proper and justifiable. For these reasons
negligence can not be predicated on the manner or place in
which the hitch was made. Brown v. Railroad, 20 Mo. App.
227; Christy v. Hughes, 24 Mo. App. 277; Hicks v. Railroad,
46 Mo. App. 304; Brink v. Railroad, 17 Mo. App. 177;
Banks v. Railroad, 40 Mo. App. 458; Clemens v. Railroad, 53
Mo. 366; Henry v. Railroad, 76 Mo. 288; Sira v. Railroad,
115 Mo. 127; 1 Sedgwick on Damages, sec. 122; 8 Am. and
Eng. Ency. of Law (2 Ed.), 601; 1 Shearman & Redfield
(5 Ed.), secs. 26, 29 and 32; Buswell on Per. Inj. (2 Ed.),

155; Beasley v. Transfer Co., 148 Mo. 413. (2) To have
made the hitch and lifted the car in the manner claimed by
plaintiff, was such a physical impossibility that neither the
court nor the jury should have attached any weight to the evi-
dence offered by the plaintiff as to the manner in which the
hitch was made. There was no proof of negligence in that
respect. Gurley v. Railroad, 104 Mo. 211; Baker v. Railroad,
122 Mo. 533; Kelsay v. Railroad, 129 Mo. 362; Nugent v.
Milling Co., 131 Mo. 241; McLacklin v. Barker, 64 Mo. App.
511; State v. Anderson, 89 Mo. 332; State v. Bryant, 102
Mo. 24; State v. Turlington, 102 Mo. 642; State v. Nelson,
118 Mo. 124; State v. Brown, 119 Mo. 527; State v. Dettmer,
124 Mo. 426; Bank v. Myers, 83 Ill. 507; Lieb v. Henderson,
91 Ill. 282. (3) The liability to injury while engaged in
such work can not be avoided. It arises from the nature of
the work itself, and, therefore, the plaintiff assumed the risk
of injury while in such service. Bailey on Master and
Servant, p. 112 and note; Fugler v. Bothe, 117 Mo. 475;
Watson v. Coal Co., 52 Mo. App. 366; Shea v. Railroad, 76
Mo. App. 31; Lucey v. Railroad, 129 Mo. 32; Claybaugh v.
Railroad, 56 Mo. App. 630; Alcorn v. Railroad, 108 Mo. 81;
Berning v. Medart, 56 Mo. App. 443; Renfro v. Railroad,
86 Mo. 302; Foley v. Railroad, 48 Mich. 622; Rasmussan v.
Railroad, 21 N. W. 583; Morse v. Railroad, 16 N. W. 358;
Bryant v. Railroad, 29 N. W. 679; Derr v. Railroad, 27 Atl.
1002; Naylor v. Railroad, 53 Wis. 661; Howland v. Rail-
road, 54 Wis. 226. (4) The evidence in this case clearly
established that due notice and warning was given before the
pull was made on the wrecked car. The mere negative testi-
mony of plaintiff's witnesses did not create such a conflict as
to entitle him to go to the jury on that question. Cases cited
under point 1, and Schaub v. Railroad, 106 Mo. 74; Railroad
v. Jones, 95 U. S. 443; Lockwood v. Railroad, 55 Wis. 50;
Wright v. Rawson, 52 Ia. 329; Cathcart v. Railroad, 19 Mo.
App. 113; Jewett v. Railroad, 50 Mo. App. 551; Wyrick v.

Railroad, 74 Mo. App. 406; Guest v. Railroad, 77 Mo. App. 258; Lenox v. Harrison, 88 Mo. 491; State ex rel. v. Bank, 120 Mo. 161; Summerville v. Railroad, 29 Mo. App. 48; McCormick v. Railroad, 50 Mo. App. 109; Agan v. Shannon, 103 Mo. 661; Mathias v. O'Neill, 94 Mo. 520; Isaacs v. Skrainka, 95 Mo. 517; Sullivan v. Railroad, 72 Mo. 195; McKeever v. Railroad, 88 N. Y. 667; Culhane v. Railroad, 60 N. Y. 133-137. (5) The evidence shows that the people standing around the wreck, including the plaintiff, did move away before the pull was made. It was, therefore, immaterial whether plaintiff heard the warning, or even whether any was given or not. (6) Even if the proper warning was not given, the omission of it was not the proximate cause of plaintiff's injury.

*John H. Lucas, C. C. Dickinson* and *James Parks & Son* for respondent.

(1) The uniform rule is that where there is conflicting and contradictory evidence, tending to prove both sides, not to disturb the finding of the lower court, unless brought about by some error or misdirection of the court. State ex rel. v. Hope, 121 Mo. 41, and authorities there cited; Smith v. Railroad, 119 Mo. 246; Fusili v. Railroad, 45 Mo. App. 541; Sandifer v. Lynn, 52 Mo. App. 559; Lynch v. Railroad, 112 Mo. 420; Gratiot v. Railroad, 116 Mo. 450; Church v. Railroad, 119 Mo. 214; O'Mally v. Railway, 113 Mo. 319. (2) Contributory negligence is ordinarily for the determination of the jury under proper instructions. The court is not authorized to interfere and declare such defense established except upon the clearest proof. McNown v. Railway, 55 Mo. App. 590; Bluedorn v. Railway, 108 Mo. 439; Maus v. City of Springfield, 101 Mo. 613; Barr v. City of Kansas, 105 Mo. 550; Weller v. Railway, 120 Mo. 635; Kenney v. Railway, 105 Mo. 285; Richmond v. Railway, 49 Mo. App. 104.

(3)   By whatsoever name a superior employee may be called, his relation to the subordinates, acting under his orders, is not that of a fellow-workman in respect to his performance of the master's function of directing them and the work in his charge.   Schroeder v. Railway, 108 Mo. 322; Dayharsh v. Railway, 103 Mo. 570; Stephens v. Railway, 96 Mo. 207; Miller v. Railway, 109 Mo. 356.   (a)   The wrecking boss was not a fellow-servant with the plaintiff.   Tabler v. Railway, 93 Mo. 79.   (b)   The roadmaster Jamison is not a fellow-servant with the plaintiff.   Hoke v. Railway, 88 Mo. 360; Moore v. Railway, 85 Mo. 588.   (4)   It is a part of the personal duty of the master to give direction of the work he undertakes, and to prescribe the system and method of conducting it.   In so doing he must use ordinary care for the safety of those engaged in his service.   Schroeder v. Railway, 108 Mo. 322; Wills v. Railway, 44 Mo. App. 51; Foster v. Railway, 115 Mo. 165; 5 Rapalje and Mack's Digest of Railway Law, p. 131, sec. 186a and authorities there cited. 5 Rapalje and Mack's Digest of Railway Law, 132, secs. 186b, 186c, 186e, and authorities there cited; Miller v. Railway, 109 Mo. 357; Sullivan v. Railway, 117 Mo. 214.

BROADDUS, J.—The plaintiff's action is for damages for an injury received while assisting in clearing defendant's railroad track of a wreck.   He was a section foreman in defendant's employ and was called upon by the agent of defendant, whose duty it was to superintend the clearing of its tracks, to assist in the work.   The wreck had occurred near the city of Clinton, Missouri.   The particular work in which the "wrecking crew," as it was called, was engaged when the plaintiff received the injury was in the removal of a certain freight car which was lying on the track partly on its side.   The method adopted for removing the wrecked car was to pass an iron chain around some part of it, said chain being attached by a hook to a large rope, which latter passed through a pulley

fastened to a derrick stationed on the wrecking car and then attached to the locomotive engine which furnished the power. By this contrivance, when the locomotive moved from the wreck the strain was thrown upon the rope in such a way that it had the effect of tilting the car from the track.

It is claimed by the plaintiff that in the instance when he was hurt, the defendant's agents negligently hitched said chain to an insecure part of said car in such manner that when the strain came said part broke loose from the main body and a fragment thereof was thrown into the air and fell upon him causing his injuries. It is further claimed that the defendant's agents in charge failed to give the usual and necessary signal when the locomotive was started, and that because of such failure the employees were not given time to escape or get beyond the reach of flying fragments likely to be thrown into the air by the force and violence exerted by said locomotive in throwing said wreck from the track.

It is admitted upon both sides of this controversy that the business was somewhat dangerous, although the evidence went to show that accidents rarely ever happened in such work; some of the witnesses testifying that while the employment was dangerous, yet this was the first time they had known of any one being hurt while so employed.

The plaintiff was at the wreck, by order of his superior, to assist the superintendent of the wrecking train. A short time prior to his injury he had been engaged with others of his gang in manipulating the rope attached to the engine. This duty consisted in keeping the slack out of the way of the locomotive in each instance as it approached the wreck. Just prior to the accident, according to plaintiff's own evidence, for the reason, he says, that he was not needed at the rope, he went to the wreck to see if there was anything for him to do there, and while standing about fifteen feet away the engine was started without warning; that he thereupon retreated with the other employees and when about thirty feet

from the wreck near a watertank he was struck by a fragment which flew out when the attachment broke loose from the wreck. Notwithstanding the alleged failure of the defendant to give the necessary signal for starting, it seems that plaintiff was aware that the locomotive was about to move and that he sought to avoid danger by retreat.

The defendant's counsel contends that the evidence does not show that the chain was fastened to an insecure part of the wreck, and on the trial introduced witnesses to prove that the car was of a different kind and make from that specified by plaintiff's witnesses, and that it did not have the upright on it, to which it was claimed the chain was hitched. We have examined the evidence on both sides as to this fact and find that the testimony of each was positive in its character, which leaves it a question for the jury alone and not for the court to determine. Every fact in the case which was not admitted was strenuously maintained or controverted by substantial evidence, which left the case wholly one for the jury under proper instructions from the court.

The defendant makes the specific objection to plaintiff's right of recovery on the ground that he had left his work of manipulating the rope without an order from his superior; and that not being directed to assist at the place where the chain was being attached to the wreck he was only a bystander and not an employee. We think the objection is not well founded for he was on the ground upon the order of his superior for the purpose of assisting in the work; and the fact that he was doing nothing at the time could make no difference, since he was present for service by order of competent authority.

But the main contention of the defendant is that, under all the evidence, plaintiff is not entitled to recover for the reason (amongst others) that the alleged negligence of the defendant was not the proximate cause of the injury. To support this contention we are referred to the case of Sira v.

Railway, 115 Mo. 127, and a great many other cases.   That
was a case where a young and inexperienced woman, sixteen
years of age, while a passenger on defendant's train, was put
off by the conductor at a station before she reached her des-
tination.   A male passenger named Dusenberry, who was
on the same train, got off at the same time the young woman
did, decoyed her into a saloon and committed a criminal as-
sault upon her person.   The court held that the injuries suf-
fered by the plaintiff at the hands of Dusenberry and the
resulting damages were not the direct and immediate con-
sequences of the act of the conductor requiring her to leave
the train at the wrong station.   In Hicks v. Railway, 46 Mo.
App. 304, it was held that liability does not follow every
negligent act; the negligent act must be the proximate cause
of the injury which must also be the natural and probable
result of the act.

These two cases fairly illustrate the rule that the defend-
ant seeks to have applied to this; but they do not apply.   The
plaintiff here was struck by a flying fragment from the wreck,
the result of defendant's negligence in making a hitch with
the chain that would not bear the strain required to accom-
plish the purpose intended.   The act of negligence was the
direct and proximate cause of the injury.   There was no
intervening agency.   The question whether the act was negli-
gent was submitted to the jury by proper instructions.   The
jury was told that if it found "that the manner and place
of fastening said chain for the purpose of removing said car
was not a safe one, that is, such a place as an ordinarily
prudent person would have attached said chain for said pur-
pose under like circumstances, then you will find for the plain-
tiff."   If the chain was attached to a part of the car which
was evidently too weak to resist the strain that would neces-
sarily have to be put upon it in order to throw the car from
the track, the defendant was guilty of negligence.   The jury
found such to be the case, and as there was ample testimony to

support such finding, that question must be considered as. settled, so far as this court is concerned.

It is further insisted that "the work of moving wrecked cars is necessarily dangerous, and the doing of such work in the usual way, although liable to cause injury to those engaged in or near it, was proper and justifiable," for which reason negligence can not be predicated on the manner or place in which the hitch was made.

It is held that, "whatever is according to the general, usual and ordinary course adopted by those in the same business, is reasonably safe within the meaning of the law. The test is the general use." Mason v. Mining Co., 82 Mo. App. loc. cit. 370; O'Mellia v. Railway, 115 Mo 205; Huhn v. Railway, 92 Mo. 440; Kane v. The Falk Co., 93 Mo. App. 209. The reason for the rule is the presumption that experience has resulted in causing persons engaged in such undertakings. to adopt the safest and best method of doing the thing; but the law never presumes that general use is founded upon negligence. And we have no hesitation in holding that, if the means in general use for removing railroad wrecks was characterized by negligence and a reckless disregard of the safety of the persons engaged in the work, the presumption would be overturned. The evidence in this case shows that the usual method of removing wrecks was adopted, but it further shows that in the execution of the details the defendant was guilty of negligence. The law, therefore, requires not only that the usual method should be adopted, but that the details should be conducted with care. The plaintiff, under the rule announced in Fugler v. Bothe, 117 Mo. 475, assumed all the risks incident to the business, but it is nowhere held that notwithstanding the negligence of the master he is not liable to the servant because of the fact that the business in which he is engaged is of itself dangerous. The master is excused only for liability for risks incurred by the nature of the business, and not for his negligence. Such a contention in-

volves the absurdity of asserting that where there is danger
there can be no liability for negligence upon the part of the
master.    In Bradley v. Railroad, 138 Mo. 293, the plaintiff
was engaged in dangerous work, yet the master was held to the
exercise of reasonable care to secure his safety while so en-
gaged.    And such is the holding of all the authorities.

It is also contended that due notice was given before the
pull was made on the wrecked car.    That against the positive
evidence of defendant's witnesses that such notice was given,
the negative evidence of plaintiff's witnesses that they did not
hear it given, did not entitle plaintiff to go to the jury with his
case; and that the presumption of law is, the defendant did its
duty in that respect.    The weakness of this contention is that
there was positive evidence that the signal was not given for
the employees to get out of the way of danger.

The defendant makes the point in this court for the first
time that the injury plaintiff complained of was received at
the hands of his fellow-workmen.    However, the evidence
stands uncontradicted that the work of removing the wreck
was under the control and direction of wrecking boss Scow,
trainmaster Davis, and roadmaster Jameson; and as such they
are to be held as vice-principals, for so far as the record goes
it shows that these persons were present superintending the
work and that the men engaged were working under their
orders.

At the close of plaintiff's case the defendant asked the
court, upon the pleadings and evidence, to instruct the jury to
find for the defendant, which the court refused to do; and the
instruction was asked again at the conclusion of all the evi-
dence on both sides, and again refused by the court.    It is
claimed that the evidence showed that the plaintiff was guilty
of contributory negligence.    That according to plaintiff's own
evidence he had gone to the place without orders from his su-
perior, and being of the opinion that the hitch was being made
in an unsafe manner he remained standing in an exposed place

without paying any attention and without noticing when the preparations would be completed to make the pull on the car. As has been already stated, he was not negligent in being at the particular place at the time mentioned, and he had the right to rely upon the giving of the usual signal in such instances. The question of whether plaintiff was guilty of contributory negligence was fairly submitted to the jury by an instruction on behalf of the defendant.

It is also further contended that plaintiff's injury was a mere "casualty—a fortuitous accident, and in nowise the natural or supposable sequence either of the making of the hitch or of the omission to give the warning," and, "if the plaintiff had not moved from where he was standing while the hitch was being made he would not have been injured," and, "if he had not run in the particular direction to the particular place that he did he would not have been injured," and, "if the watertank had not been there he would not have been injured." This seems to be like reasoning in a circle. The contention amounts to this: that the result of every action must be certain, or that if a particular result may or may not happen it is not to be attributed to any certain cause, notwithstanding it was the result of such cause.

We have examined the instructions and find no error in any of those given, and that those refused were properly refused.

The case was well tried and is, therefore, affirmed. All concur.