Steinheimer *vs.* Coleman.

---

L. Z. STEINHEIMER, plaintiff in error, *vs.* I. COLEMAN, defendant in error.

1. When a party is testifying, and his counsel objects to his answering a question, if the objection is good it is right to keep him from answering it, though he wishes to answer. (R.)
2. The improper admission in evidence of a paper, is no ground for new trial, when the fact shown by it is proved by other legal evidence. (R.)
3. It is no ground for a new trial that the jury took to their room certain receipts which had been ruled out because they were not stamped, when it seemed to have occurred by mistake, and it was doubtful whether any objection was made to the jury's taking them, and the payments therein mentioned were proved by other testimony. (R.)
4. When the evidence is in conflict, and no rule of law has been violated to the injury of the plaintiff in error, this Court will not control the discretion of the Court below in refusing to grant a new trial.

Remarks by the Judge. Motion for new trial. Before Judge WORRILL. Muscogee Superior Court. November Term, 1868.

Coleman sued Steinheimer upon an account, as follows:

| | | |
|---|---:|---:|
| Rent of store from 28th Feb'y, 1866, to 1st October, 1866, | $1,000 | 00 |
| Wrapping-paper, twine, etc.,............................................................ | 5 | 00 |
| Personal services in selling his goods, @ $30 00 per month, from 1st March, to 13th August,................................................. | 160 | 00 |
| Board from 8th April to 1st July, @ $40 00 per month,.......... | 109 | 30 |
| Washing and ironing during same time,................................. | 10 | 00 |
| Use of horse and buggy almost every day from 1st March to 28th July, ................................................................................... | 200 | 00 |
| Money paid at his request to Morris (carpenter,) for putting backs to cotton-cards—paid 28th July, 1866,................ | 36 | 25 |
| Freight and expenses paid for him, July 12th, 1866,......$8 45 | | |
| Do.   Paid July 14th,............................................ 1 39 | 9 | 84 |
| Insurance paid for him to R. B. Murdock, Ag't., 22nd June,... | ·39 | 50 |
| | $1,574 | 89 |
| Cr. by cash for his goods sold from 1st July, 1866, to 13th Aug., 1866, ................................................................................... | 90 | 50 |
| Balance,................................................................................$1,479 39 | | |

The plea was the general issue. On the trial the plaintiff testified that, on or about the 1st of March, 1866, he rented to defendant, from the 28th of February, 1866, till the following October, sufficient room in plaintiff's store for defendant to keep, exhibit and sell his goods, at the agreed price of $1,000 00. Defendant did so occupy said store from the 1st of March, 1866, to the 13th of August, 1866. He sold defendant's goods for him, and considered this service, wrapping-paper and twine worth, at least, $30 00 per month; that defendant agreed to pay what said services were reasonably worth; that he boarded defendant from the 8th of April, 1866, till the following July, at the agreed price of $40 00 per month, defendant to have his washing done elsewhere, but it was done by plaintiff's servants, and worth $10 00; that almost daily, from the 1st of March, 1866, till the 28th of June following, the defendant used plaintiff's horse and buggy, to carry him, defendant, to the butcher pen, to carry his goods to the auction store, and to ride his wife, using it sometimes three or four times in a day, and also used plaintiff's servant as a driver, agreeing to pay therefor what was right; that a horse and buggy cost $5 00 *per diem* at the

livery stable, and plaintiff thought such use was worth $200 00; that he paid the carpenter as charged in the bill of particulars; that he paid for defendant $9 84 to the Muscogee Railroad Company for freight, and to Murdock, for insuring defendant's goods, $35 50; that the defendant had paid him nothing on any of said accounts, but was entitled to the credit stated in the bill of particulars.

Upon cross-examination, he testified that he paid, as rent for said store, $25 00 per month from July to October, 1865, and $1,000 00 from October, 1865, till October, 1866; that in June or July there was a misunderstanding about the rent with the landlord, and he agreed to pay the landlord $3,-000 upon the agreement of defendant that he would pay $2,000 00; that defendant had many damaged goods, and hauled them to and from the auction store very often; that a Baltimore merchant, (whose name he did not recollect,) had offered to pay plaintiff $3,000 00 for the store, and buy his stock at a large *per cent.* above costs; that he did not agree with defendant to keep and sell his goods, and to take therefor twenty-five per cent. of the profits; that in February he borrowed $300 00 from defendant, but repaid it about the 27th of April, 1866; that his servant told him defendant had her to do his washing, and paid nothing but a rotten belt, worth only twenty-five cents; that defendant had no exclusive control of the horse and buggy, but ordered it when he wished.

Plaintiff's counsel tendered in evidence two receipts, purporting to be signed " Hunter, Ag't.," for $1 50, and $8 34, respectively, for freight due the Muscogee Railroad Company. They were objected to upon the grounds that Hunter was not shown to be the agent of said company, or that the signatures were his. The objections were overruled. They also offered a receipt for $36 25, signed by said Morris, carpenter, and one for $39 50, signed by Murdock, insurance agent. These the Court rejected because they were unstamped.

Defendant's counsel introduced seven witnesses to impeach the plaintiff, five of whom testified that because of his char-

acter they would not believe him on oath; the other two said they would believe him.

The defendant then testified that he put his goods into plaintiff's store upon an agreement that twenty-five per cent. of the profits should be paid plaintiff for rent, and that till defendant went North, plaintiff daily took out his said pay therefor; that he never agreed to pay $1,000 00 for rent, could have gotten such room as plaintiff furnished him at $25 00 for three months' rent; that he sold goods for plaintiff, and considered their services in that regard as a fair set-off; that the agreed price for his board was $30 00 per month, and was regularly paid, and he paid the servant for the occasional washing which she did for him; that he never hired the horse and buggy, but did occasionally use it, as plaintiff had testified, having no idea that he was charged for it; but used it as a friend uses such property of another friend, and that he never used them over fifteen or twenty times, except when riding with plaintiff to and from his meals at plaintiff's request; that the items of $36 25, paid Morris, and $9 84 paid freight to the Muscogee Railroad Company, were correct, but he had not paid them because he and plaintiff had not settled for his goods sold by plaintiff while he, defendant, was in New York; that he repaid plaintiff the $39 50 paid by him to Murdock, insurance agent; that he never took any receipt from plaintiff.

During this cross-examination, defendant admitted that he had been turned out of the ministry of the Jewish Synagogue in said county, and was asked by plaintiff's counsel why he was turned out. Defendant's counsel objected to his answering the question. Defendant expressed his willingness to answer. The Judge asked the plaintiff's counsel if he insisted upon the question, and he replied affirmatively. He then asked defendant's counsel if they insisted on their objection, and they said they did. Thereupon, the Judge turned to the defendant, on the witness-stand, and said, loud enough for the jury to hear him, "I am perfectly willing to hear your explanation, but as your counsel objects, I must sustain the objection."

Steinheimer *vs.* Coleman.

After the Court charged the jury, the Judge directed the plaintiff's counsel to hand the papers to the jury. Whereupon, he took up a package containing the said receipts for $1 50, $8 34, $36 25, and $39 50, and two other notes or receipts, signed by Hunter, as agent for the Muscogee Railroad Company, which two last had never been tendered in evidence, and it was admitted in the argument that they had nothing to do with the case, and said, "shall I give *these* papers to the jury?" The Court replied in the affirmative, and the jury took the package. The jury found for the plaintiff for $312 59, with interest from 1st January, 1869, and costs.

Defendant's counsel moved for a new trial, upon the grounds that the verdict was contrary to the weight of the evidence; that the said remark of the Judge to the defendant while on the stand, was error; that his allowing the jury to take out said package of papers over defendant's objection, was also error. When the motion for new trial came on for hearing, plaintiff's counsel stated that he did not recollect that there was any objection made to the jury's taking out said package, and the Judge said he did not. R. J. Moses stated, in his place, that he conducted the cause for defendant, and defendant was anxious to explain said receipts, but he refused to allow him to do so, because the Court had ruled them out; that in the afternoon of the same day, R. J. Moses, Jr., told him that the Court had allowed them to go out with the jury, and he replied to R. J. Moses, Jr., that "it was unheard of." A member of the jury made an affidavit that when the package was handed to the jury "Mr. Moses said something about the receipts going out, but he, (affiant,) cannot remember what." Nothing else appearing, the Court refused a new trial, and this is assigned as error.

Moses & Gerrard, for plaintiff in error.

H. L. Benning, for defendant in error.

BROWN, C. J.

It is the right of the Court, in the exercise of a sound discretion during the trial of a cause, to propound to counsel on either side any question he may think proper or pertinent to the case.

1. When a party has given up the management of his case to his counsel, and is on the stand, testifying as a witness, and a question is propounded by the opposing counsel, to which his counsel objects as illegal, but he expresses his willingness to answer, it is not error in the Court, if the question propounded be illegal, to sustain the objection, and refuse to allow the answer to be given in evidence to the jury.

2. When one of the items in plaintiff's account, is for money paid by plaintiff to a railroad company, for the use of defendant, and plaintiff tenders a receipt from the agent of the company, signed as agent, showing the payment, which is objected to, because it is not in proof that the person signing the receipt, is, in fact, agent, or that it is in his handwriting, and the Court overrules the objection, and allows the receipt to be read in evidence, and the defendant, in his testimony, afterwards admits that plaintiff did pay for him, to the railroad company, the precise amount mentioned in the receipt, the admission of the receipt in evidence is no ground for a new trial.

3. When two items in the account are for money paid by plaintiff, for the use of defendant, at his request, and plaintiff offers in evidence the receipts of the person to whom the money was paid, which are ruled out because they are not stamped, and the defendant admits, in his testimony, that plaintiff paid for him, to each of said persons, the amount specified in the receipt, but swears that he paid back to plaintiff the money which he paid to one of them, which the plaintiff, in his testimony, denies, and the receipts are permitted, by the Judge, to be carried, by the jury, to their room, with the other papers in the case, to which defendant's counsel afterwards states, in his place, he objected, and one

of the jurors afterwards swears that he heard defendant's counsel say something about the papers going to the jury, but cannot state what he said, and does not state that the jury either read or considered the receipts, and neither the Judge nor opposing counsel have any recollection that such objection was made. *Held:* that the fact that the jury carried out the receipts under these circumstances, is no sufficient cause for a new trial.

The foregoing written decision, made by the Court during the session, is sufficient to a clear understanding of the rulings in this case, and I do not deem it necessary to enlarge.

4. The evidence was in conflict, and it was the province of the jury to weigh it, and determine upon its credibility. No rule of law was violated on the trial to the injury of the plaintiff in error.

Judgment affirmed.