2519. MACON, DUBLIN & SAVANNAH RAILROAD CO. *v.* HOLSEY.

The trial was free from error, and the verdict in favor of the plaintiff was authorized by the evidence.

DECIDED FEBRUARY 28, 1911.

Action for damages; from city court of Dublin—Judge E. W. Jordan presiding. February 14, 1910.

*Minter Wimberly, John S. Adams, Akerman & Akerman,* for plaintiff in error.

*Hall & Fowler, Ira S. Chappell,* contra.

RUSSELL, J. This case was before us at the October term, 1909 (*Holsey v. Macon, Dublin & Savannah Railroad Co.,* 6 *Ga. App.* 637 (65 S. E. 690)), and the judgment of the lower court, awarding a nonsuit, was reversed. Upon the trial now under review the verdict was in favor of the plaintiff, and the railroad company has excepted to the judgment refusing its motion for new trial.

In regard to the general grounds of the motion, it may be said that the evidence authorized the verdict. There is a clear issue of fact between the testimony for the plaintiff and the testimony for the defendant, and it appears the jury gave the preference to the testimony for the plaintiff. The plaintiff in error complains that the verdict is without support in the evidence, and therefore contrary to law, because the evidence shows that the defendant was not guilty of any of the acts of negligence alleged in the petition. This statement may be true to the extent that the plaintiff did not introduce direct evidence to support all of the allegations of negligence in the petition, but the evidence was sufficient to show that at the time the plaintiff's husband was killed he was free from fault and at his post of duty; and, this being true, upon proof of the fact that he was killed by the running of a car of the defendant railroad company, the statutory presumption of negligence was sufficient to supply proof, prima facie at least, of all of the allegations of negligence which were specifically made in the petition, and when the defendant introduced testimony, as it was bound to do, in the attempt to disprove the allegations of negligence presumably proved, the burden was upon it to establish that it was not negligent in those respects. In other words, proof of the killing and the consequent presumption of negligence made a prima facie case of liability against the defendant for any damage resulting from the acts of negligence alleged in the petition; and the plaintiff was entitled to recover on them, unless the defendant proved that it was not negligent in the respects charged, or in any of them, or proved that the employee killed was not blameless.

Exception is also taken to that part of the charge of the court in which the jury were told that the plaintiff "contends that at the time her husband was negligently killed he was free from fault and performing his duties as brakeman, in which he exercised at the time, in the situation in which he found himself, ordinary care and diligence; that is, he was free from fault." The plaintiff in error insists that this charge was erroneous, because the plaintiff's husband might have exercised ordinary care and diligence, and still not have been free from fault; and, if he was not free from fault, the plaintiff could not recover. The charge of which complaint is made is in accord with the ruling of the Supreme Court in *Central R. Co.* v. *Lanier*, 83 *Ga.* 587 (10 S. E. 279). The judge had the

right to tell the jury.that in determining whether the plaintiff's husband, as an employee, was free from fault, they might take into consideration the situation in which he was placed at the time of the casualty, or immediately preceding it; and it is true, as argued by the plaintiff in error, that one may exercise ordinary care and diligence and yet not be free from fault. This would always be the case where it was plain to the actor that the emergency was such as required the exercise of extraordinary care and diligence. But the charge complained of does not question the principle which learned counsel for the plaintiff in error assert. In this portion of the charge the judge was merely calling the attention of the jury to a different principle, to wit, that, in considering whether an employee of a railroad company was without fault, the jury may take into consideration the circumstances by which he was surrounded at the time, and also consider whether he was so absorbed in the performance of his duty as that by reason of that fact he did not do some particular act or other.

It is also insisted that in this charge the judge expressed an opinion that the plaintiff's husband was negligently killed. It is true that the words "her husband was negligently killed" were used by the judge; but in view of the fact that this is preceded by the statement that this is only a contention of the plaintiff (the whole sentence being, "She contends that, at the time her husband was neg-. ligently killed, he was free from fault," etc.), the criticism appears to us to be hypercritical and the exception without merit. Taking the language used, and considering it with the context, it is quite apparent to us that there was no possibility for the jury to·understand that the judge was expressing an opinion of his own, or to misunderstand that he was simply stating one of the contentions of the plaintiff.

Exception is also taken to the following charge to the jury: "You must take into consideration all the circumstances, to determine whether or not the plaintiff used ordinary care and diligence —consider the situation at the time; and if you believe, from the evidence in this case, that the plaintiff's husband used ordinary care and diligence, under the actual circumstances confronting him at the time, and you further believe that the defendant in this case was negligent, then the plaintiff in this case would have the right to recover." It is insisted that this charge was erroneous, because

the judge thereby instructed the jury that the plaintiff could recover if her husband used ordinary care and diligence, whereas, as a matter of law, she could not recover unless he was entirely free from fault. In regard to this exception it need only be said that if the plaintiff's husband used all ordinary care and diligence under the circumstances, and the jury reached the conclusion, after a consideration of all the testimony, that he did use all ordinary care and diligence, then this brakeman would have been doing all the law required him to do, and would be free from fault.

Another assignment of error upon the charge is that the judge failed to charge the jury that the plaintiff could not recover if the death of her husband was the result of an accident. We find no error in this. The point is perhaps sufficiently covered in the general charge; but, even if it is not, the court is not required to charge on accident, where no pleadings set up this defense, and no written request that this theory·be presented is made.

The charge as a ·whole was free from error, the trial was fair, the amount of the verdict small, and the finding of the jury was approved by the trial judge. Under the constitutional amendment creating this court, we have no right to interfere with the judgment refusing a new trial in this case.          *Judgment affirmed.*