## WESTERN & ATLANTIC RAILROAD COMPANY v. DAVIS.

BECK, J. 1. This being a suit to recover damages for personal injuries which were shown by the evidence to be of a permanent character, the court did not err in admitting evidence illustrative of the plaintiff's diminished capacity to labor, over the objection that such evidence was immaterial, although the plaintiff is a minor suing by his next friend, and his earnings until the attainment of his majority would belong to his father.

2. The court did not err in charging the jury: "No person shall recover damage from a railroad company for injury to himself or his property where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, provided he could not by the exercise of ordinary care have prevented the injury, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him." Such a charge is not open to the criticism made upon the charge complained of in the case of *Americus &c. Railroad Co.* v. *Luckie*, 87 *Ga.* 6 (13 S. E. 105), where the charge then under review

was held to be erroneous. A charge similar to that quoted above is distinguished from the charge criticised in the *Luckie* case, in the later case of *Wrightsville &c. Railroad Co.* v. *Gornto,* 129 *Ga.* 204 (58 S. E. 769).

3. There being some evidence from which the jury would have been authorized to find that at the time of receiving the injuries complained of the plaintiff was a trespasser upon the tracks of the defendant railroad company, the court in some part of its charge should have given to the jury appropriate instructions defining the duty of the railroad company relative to a trespasser, and when and under what circumstances the law imposes upon the agents of the company operating its locomotive and cars the duty to exercise due care and caution to avoid injuring such trespasser.

4. An instruction given in the court's charge to the jury, that "you may believe that witness who has the best means of knowing the facts about which he testifies and the least inducement to swear falsely," is not a correct statement of the law, without a qualification that the witness in all other respects is found to be equally credible with the other witnesses; and the error is one requiring the grant of a new trial where a witness who gave most material evidence in favor of the plaintiff, who was the prevailing party in the suit, had no apparent interest in the result of the trial. *Louisville & Nashville R. Co.* v. *Rogers,* 136 *Ga.* 674 (71 S. E. 1102).

5. The court's charge upon the subject of the measure of damages and the method for reducing to its present value the gross amount which the jury might find in favor of the plaintiff on account of the decreased capacity to labor, was not accurate or complete. *Florida Central &c. Railroad Co.* v. *Burney,* 98 *Ga.* 1 (26 S. E. 730); *Central Railroad Co.* v. *Dottenheim,* 92 *Ga.* 425 (17 S. E. 662); *W. & A. Railroad Co.* v. *Moore,* 94 *Ga.* 457 (20 S. E. 640).

6. The court charged the jury as follows: "In the outset the burden of proof is upon the plaintiff to show that he was injured and damaged as he sets out in his declaration. When he has shown that, if he has shown it, then the burden of proof would be upon the defendant company to show that it used all ordinary and reasonable care and diligence, or that the plaintiff could have avoided the injury to himself by the exercise of ordinary care, or such care as he was capacitated to exercise; and if it shows either of those things it would not be liable; otherwise it would be liable. In other words, if the defendant company was negligent, did not exercise all ordinary and reasonable care and diligence, and the plaintiff was not negligent and could not, by the exercise of ordinary care and diligence, or such care and diligence as the law places upon him, have avoided the injury, then the plaintiff could recover." This charge was not error for the reason that it omitted one ground of the railroad company's defense, viz.: that plaintiff's injuries were caused by his own negligence.

*Judgment reversed. All the Justices concur.*
FEBRUARY 25, 1913.

Action for damages. Before Judge Fite. Whitfield superior court. January 1, 1912.

*Tye, Peeples & Jordan,* and *Maddox, McCamy & Shumate,* for plaintiff in error.