## 39159. WILLIAMS v. YOUNG.

Decided January 22, 1962—Rehearing denied
February 19, 1962.

394

*J. R. Cullens*, for plaintiff in error.

*Wm. A. Ingram, Henry A. Keever*, contra.

CARLISLE, Presiding Judge (after stating the foregoing facts). Grounds 4 and 11 of the motion for a new trial complain because the trial court permitted a witness for the plaintiff to

testify that Mrs. Young, prior to the injuries in question, washed and ironed, kept house, did all of the mopping, went to the field, picked cotton and chopped cotton, and in doing all of these chores, never made any complaints concerning pain in her body; that she also worked at a chenille bedspread factory, but that after their son, Phillip, was born (a little less than three years prior to the date of the injuries) she quit working at the spread factory, the objection being that such testimony did not reflect her condition and ability to render services to the plaintiff at the time of the collision and was irrelevant and immaterial, since such testimony related to her activities in 1954, more than three years before the date of her injuries. Every fact, or circumstance, which tends to throw light upon the issue being tried is proper evidence for the jury's consideration. *Georgia Savings Bank &c. Co. v. Marshall,* 207 Ga. 314 (1) (61 SE2d 469). The rule in this State is that, where the relevancy of evidence is in doubt, it will be admitted for the jury's consideration and the jury permitted, under proper instruction, to give to the evidence just such weight and probative value as it sees fit. *Brown v. Wilson,* 55 Ga. App. 262, 263 (1) (189 SE 860). "Evidence which is only indirectly relevant to the issue on trial, but which tends somewhat to illustrate it and to aid the jury in arriving at the truth of the matter should be admitted. *Walker & Chapman v. Mitchell,* 41 Ga. 102." *Talbotton R. Co. v. Gibson,* 106 Ga. 229, 236 (32 SE 151). And see *Continental Trust Co. v. Bank of Harrison,* 36 Ga. App. 149, 150 (5) (136 SE 319). The evidence objected to as complained of in these grounds of the motion, when considered in its context with the other evidence, was such as to authorize the jury to infer the physical condition and nature of the services that Mrs. Young was able to render to the plaintiff immediately prior to the injuries inflicted upon her in the collision in question. It being of this nature, it was properly admitted. *Walker v. Roberts,* 20 Ga. 15. It is not likely that the jury understood that such evidence was admitted for the purpose of showing directly the condition of Mrs. Young immediately prior to the injuries, but there was no evidence that her condition had changed in any material respect from the time testified about by the witness as

here complained of. That the loss of ability of the wife to perform such services constitutes a part of the husband's damages in a case of this nature is hardly open to question. *Metropolitan St. R. Co. v. Johnson,* 91 Ga. 466 (3) (18 SE 816) ; *Bainbridge Power Co. v. Ivey,* 41 Ga. App. 193 (4) (152 SE 306) ; *Nunnally v. Shockley,* 97 Ga. App. 300, 308 (5) (103 SE2d 74). The admission of the evidence as complained of in grounds 4 and 11 was not error.

■ In the fifth ground of the motion for a new trial, the following portion of the charge is assigned as error: "I charge you, that the plaintiff in this case, Mr. Young, must have been in the exercise of ordinary care for his safety at the time and place complained of, and if by the exercise of ordinary care himself he could have avoided the consequences or the defendant's negligence, then he would not be entitled to recover in this case." It is contended that this charge was error because it omitted therefrom the words "if any" following the words "the defendant's negligence," and thus amounted to an expression of an opinion by the court that the defendant was negligent.

In ground 6 error is assigned on the paragraph of the charge which immediately followed that excepted to in ground 5. In this instruction, the court told the jury that it was not necessary that the plaintiff prove all of the acts of the negligence charged against the defendant but it was necessary and essential that he prove at least one of the acts of negligence set out in his petition. It is contended that this charge was error because it failed to instruct the jury that such negligence must be shown to have been the proximate cause or at least a contributing proximate cause of the plaintiff's injury and damage. In ground 7, error is assigned on a lengthy portion of the charge, including therein, first, the paragraph on which error is assigned in ground 6 and followed by the instruction that, if the jury believed that either the plaintiff or the defendant violated certain Code sections of the State of Georgia or certain city ordinances of the City of Cartersville, that would be negligence per se or negligence as a matter of law. The final paragraph of the charge complained of in this ground was one on comparative negligence, which the court prefaced by stating "that we have in this State

what is known as the rule of contributory or comparative negligence." This paragraph, after defining comparative negligence and instructing the jury correctly with respect to the application of the doctrine to this case, concluded with the following language: "And when I speak of negligence in connection with this comparative rule, I mean negligence which would be a contributing proximate cause or the proximate cause of the injury or damage claimed." Error is assigned on these portions of the charge in ground 7 as not being sound as an abstract principle of law; as being confusing in that the first paragraph instructed the jury that, if the plaintiff proved one act of negligence charged against the defendant, he would be entitled to recover regardless of whether such act was the proximate cause of the plaintiff's injury, while the last paragraph instructed the jury that in connection with the comparative rule that the negligence must be the contributing proximate cause of the injury and that this conflict necessarily had the effect of instructing the jury that the rule with respect to the necessity of proving a causal connection between the negligence and the injury applied only with respect to the comparative-negligence doctrine but not with respect to negligence per se. In ground 15 of the motion, error is also assigned on this last paragraph because it is contended it was erroneous and not sound as an abstract principle of law. Preceding these portions of the charge, the judge instructed the jury as to the contentions of the plaintiff, stating that the plaintiff contended in his petition that the defendant was negligent in certain respects. He then instructed the jury that the pleadings were not in evidence and that the jury would look to the evidence to see whether these contentions were proved; that the burden was upon the plaintiff to prove his case by a preponderance of the evidence, and that negligence, to be the basis of recovery in the case, must be such as to be the proximate cause of the injury claimed, defining in this connection the term "proximate cause." Near the close of his charge, the judge instructed the jury as follows: "Gentlemen, the law of this State does not authorize a judge in any case to express or even intimate to a jury what he thinks their verdict should be, even if he has any opinion on the subject, nor does the law authorize a judge to express or intimate

to a jury what he thinks the evidence has shown or has not shown; the law holds the judge responsible as an impartial umpire and referee, to see that each side has a fair trial under the rules of law and under the rules of evidence, and the law holds the judge responsible for giving correct instructions of the law of the case to the jury, but, gentlemen, the law holds you responsible for a correct, conscientious and proper determination of the facts of the case, and, therefore, I caution you that if during the progress of this trial you have heard anything said by me, or have seen anything done by me, which might possibly create in your minds the impression that I have intimated what I think your verdict should be, or that I have expressed or intimated to you what the evidence has shown or has not shown, or if I in ruling upon the motions or objections made by counsel, if it has appeared to you in any way or manner that I have leaned toward one side or the other, I charge you that such was not the case, this court had no intention of doing so, and this court is not concerned with who prevails in this case; that is entirely within your province and within your province alone, and I charge you that if you got any such impression at any time during the trial of this case to discharge that completely from your minds, and let it have no bearing upon your deliberations, or upon your verdict in this case whatsoever."

"In determining whether a portion of the charge excepted to is erroneous or not, it must be read in connection with what had been charged before and what was thereafter charged. It must be construed in its context. A charge which is disjointed and torn to pieces may, when the disconnected segments are considered standing alone, seem to be erroneous. It is not incumbent upon the judge, in instructing the jury with respect to different legal propositions that they are to consider, to repeat, in connection with the instruction on each proposition, all of the other qualifications and elements that they are to consider in reaching their verdict. It is sufficient if all of the essential qualifications and elements are covered in the charge as a whole. *Davis v. Whitcomb*, 30 Ga. App. 497 (15b) (118 SE 488) ; *Thomas v. State*, 18 Ga. App. 21 (1) (88 SE 718) ; *Hennemier v. Morris*, 51 Ga. App. 760 (4) (181 SE 602) ; *Essig v. Cheves*, 75 Ga. App. 870,

878 (44 SE2d 712)." *Spainhour v. Noland*, 97 Ga. App. 362, 365 (103 SE2d 154). See also, *City of Waycross v. Howard*, 42 Ga. App. 635 (3) (157 SE 247); and, *Pollard v. Boatwright*, 57 Ga. App. 565, 572 (4) (196 SE 215). None of the contentions contained in grounds 5, 6, and 7 is meritorious. When the entire charge is read, it is plain that the jury could not easily have understood other than that the negligence of the defendant to be the basis of a verdict for the plaintiff must be a contributing proximate cause or the sole proximate cause of the plaintiff's injuries and damages. The portion of the charge excepted to in ground 7 was not a wholly incorrect statement of the law, and, therefore, was not subject to the criticism that it was unsound as an abstract principle of law. *King v. Sharpe*, 96 Ga. App. 71, 83 (99 SE2d 283). In view of the judge's cautionary instructions, as set forth above, coupled with his instructions that the burden was upon the plaintiff to prove his case by a preponderance of the evidence, it cannot be said that the jury could have understood the judge as expressing an opinion that the defendant was negligent. See *Atlanta, K. & N. Ry. Co. v. Gardner*, 122 Ga. 82, 87 (3) (49 SE 818); *Macon, D. & S. R. Co. v. Holsey*, 9 Ga. App. 100, 102 (70 SE 354); *Studstill v. Bergsteiner*, 25 Ga. App. 405 (3) (103 SE 691); *Morgan v. Brown*, 71 Ga. App. 401, 403 (6) (31 SE2d 208).

With respect to ground 15 assigning error on the paragraph of the charge beginning, "I charge you that we have in this State what is known as *contributory* or comparative negligence, and in that connection I give you this principle of law," numerous reasons are urged in the brief of counsel for plaintiff in error why this charge was not sound as an abstract principle of law. However, we think it may be fairly said that the only matter of substance argued is that the use of the words "contributory or comparative negligence" confused the jury as to which doctrine was applicable to the case; that the two doctrines are not the same; and that Georgia applies the comparative-negligence rule and not the contributory-negligence rule. The mere inadvertent use by the court of the word "contributory" in the first sentence of this paragraph of the charge could not have been confusing to the jury since the jury is not presumed to be cognizant

of the technical legal distinctions between the doctrine of contributory negligence as applied in some other jurisdictions and the doctrine of comparative negligence applied in this State. Since the judge, in immediate connection therewith, properly instructed the jury on the subject of comparative negligence, this palpable slip of the tongue or inadvertence was not harmful or reversible error for any of the reasons assigned.

■ Ground 8 of the motion for new trial assigns error because the trial court admitted in evidence a receipt or a bill from a Dr. Greene in the amount of $27 for dental services and a statement from Dr. L. G. Parry to Mrs. Young for dental services in the amount of $250. The objection to this evidence was that these bills were not shown to have been incurred as the result of the injury sustained by the plaintiff's wife in the collision. The sole purpose of these exhibits was to show the amount of these charges made by these two dentists for this purpose. This ground shows that witnesses were elsewhere permitted to testify as to the amount of these bills and the subsequent admission in evidence of these documents over the objection of the defendant, under these circumstances, was not harmful or reversible error. *Steinheimer v. Coleman,* 39 Ga. 119, 124 (2); *Justice v. State Highway Dept.,* 100 Ga. App. 794 (3) (112 SE2d 307); *Pound v. Smith,* 101 Ga. App. 500 (1) (114 SE2d 280).

The contention is further made in connection with this ground that the evidence did not authorize a recovery of this element of damages. The plaintiff's doctor testified that there was no damage to Mrs. Young's mouth as a result of the collision in question and that her teeth were infected and diseased at the time he first saw her on January 30, 1958, and that this was the reason her teeth were pulled and replaced with artificial teeth. Under this evidence, a recovery of $277 for this dental expense was not authorized.

■ Grounds 9 and 21 of the motion for a new trial assign error because the trial judge failed to charge the jury without request; that in computing damages on account of the future diminution of the plaintiff's capacity to labor and earn money, they should take into consideration that in his declining years there might be a decrease in his capacity, irrespective of the in-

juries received as the result of the defendant's alleged negligence. Ground 19 assigns error on the following portion of the charge: "I charge you that as to the diminution of earning capacity in the future that you would look to the evidence as to that element of damage and make your determination, and if you find that the plaintiff in this case will probably lose wages, or have a decrease in wages in the future, then such an amount as you find for that element of damage must be reduced by you to its present cash value by using the rate of seven per cent per annum." The assignment of error is that this paragraph is unsound as an abstract principle of law. In the brief of counsel for plaintiff in error, it is urged that this is so because this charge is incomplete in that it fails to inform the jury that it is required to take into consideration in fixing the amount of damages the fact that, in plaintiff's declining years, there might be a decrease in his capacity to labor at his calling and in his ability to earn money. These assignments of error will all be considered together.

We have carefully examined the cases cited below in which the courts have ruled on the question of whether or not it is error for the trial judge to fail to charge without request that in computing or estimating damages on account of permanent diminution of the plaintiff's earning capacity or in estimating the full value of the life of a deceased, the jury should take into consideration the increasing infirmities of old age and the fact that the plaintiff's capacity to labor will be diminished as he grows older. At first glance, these cases would seem to be in hopeless and irreconcilable conflict. Closer examination of these cases, however, reveals one possible basis for distinguishing the two lines of cases. The tendency of the appellate courts has been to decide this question as it arises in each case on the specific facts of each case, and if it is apparent that the failure to charge this proposition could not have adversely affected the amount of the verdict from the defendant's point of view, then such failure to charge was not error. As examples of these cases, see *Mayor &c. of Griffin v. Johnson,* 84 Ga. 279, 282 (5) (10 SE 719); *City of Columbus v. Ogletree,* 102 Ga. 293 (4) (29 SE 749); *Southern Ry. Co. v. O'Bryan,* 119 Ga. 147, 151 (4) (45 SE 1000); *Macon Ry. &c. Co. v. Mason,* 123 Ga. 773 (6) (51 SE 569);

*Merchants & Miners Transportation Co. v. Corcoran,* 4 Ga. App. 654 (6a) (62 SE 130); *Central of Ga. Ry. Co. v. Anderson,* 43 Ga. App. 189; 193 (158 SE 333); *Roberts v. McClellan,* 80 Ga. App. 199, 206-208 (5c) (55 SE2d 736). On the other hand, cases which hold that it is error to fail to present to the jury this proposition even without request may nearly all be grouped in the category of those where the evidence was in sharp conflict and the verdict rendered was substantial in amount, and apparently the appellate court thought upon consideration of the case on all of the record that the failure to charge this proposition probably adversely affected the amount of the verdict insofar as the defendant was concerned. As examples of such cases, see *Central R. & Bkg. Co. v. Dottenheim,* 92 Ga. 425 (3) (17 SE 662); *Western &c. R. Co. v. Moore,* 94 Ga. 457 (6) (20 SE 640); *Western &c. R. Co. v. Davis,* 139 Ga. 493 (5) (77 SE 576); *Western &c. R. Co. v. Roberts,* 144 Ga. 250, 252 (8) (86 SE 933); *Furney v. Tower,* 34 Ga. App. 739, 743 (6) (131 SE 177); *Atlantic C. L. R. Co. v. Thomas,* 83 Ga. App. 477, 490-491 (7) (64 SE2d 301). This distinction seems to have been the only one recognized in the earlier cases. However, later cases have drawn another distinction. In *Atlantic C. L. R. Co. v. Thomas,* supra, this court, speaking through Judge MacIntyre, set forth a collection of authorities grouped as those in which no instruction was given as to the use of the mortality tables and as those in which the court instructed the jury as to the use of the mortality tables and concluded that the correct rule was, as stated in *Central R. & Bkg. Co. v. Dottenheim,* supra, the oldest Supreme Court case there cited, that in charging the jury as to damages for permanent injury the failure to instruct them that they should take into consideration the diminution of earning capacity of the plaintiff in his declining years was erroneous. The ruling concluded with this language, "This rule enables the judge to properly charge the jury without respect to the amount of the verdict which might be rendered by the jury, and which amount could not be predicted by him." This case did not expressly overrule any of the cases cited above, which held that the failure to instruct the jury in this respect was not error in the absence of a timely written request. Neither

did it undertake to reconcile these cases and it is our view that on its face it is in irreconcilable conflict with such cases insofar as it undertakes to lay down an inflexible rule that, in cases involving permanent disability or death, it is error to fail to charge this proposition without request. We might say, however, that, whatever the correct rule is, it would be better, as was recognized by Judge MacIntyre in that case, to have one so stated as to enable the trial judge to ascertain with some degree of certainty whether he should charge this proposition or not, rather than to leave the question of whether it was error to fail to charge the proposition to be determined on the vicissitudes of the evidence and the amount of the verdict in the case.

In *Draper Canning Co. v. Dempsey*, 91 Ga. App. 593 (86 SE2d 678), beginning on page 597, Judge Townsend, in considering this question, recognized the apparent conflict in authorities and concluded that the appropriate rule to be announced was "that this failure constitutes reversible error where the jury is charged in such way as to lead them to reach a mathematical figure based solely on loss of earnings for life" (p. 598); and that in all of those cases where there was a reversal on account of the failure of the court to charge this proposition without request, it appeared that the court gave to the jury an incorrect mathematical yardstick for determining future lost earnings which precluded them from considering such matters as increased or decreased future earnings, variance in length of life, or other variables which must naturally enter into any such computation. Upon review of the cases, this analysis seems to be a sound one.

In the case sub judice, the only charge of the court on this subject was as follows: "Gentlemen, I charge you that certain mortality tables have been offered into the evidence in this case, or stipulated into the evidence, and if you find from the evidence in this case that the injuries of either the plaintiff or his wife are permanent in nature or character, then you have the right to use these mortality tables in your deliberations. You do not have to use them, but you may or may not use them as you care to. I charge you that if you find from the evidence that the injuries of either the plaintiff or his wife are not permanent in nature and character, then you would not use the mortality tables and would disregard them."

"I charge you that as to the diminution of earning capacity in the future that you would look to the evidence as to that element of damage and make your determination, and if you find that the plaintiff in this case will probably lose wages, or have a decrease in wages in the future, then such an amount as you find for that element of damage must be reduced by you to its present cash value by using the rate of seven per cent per annum."

As can be seen by a reading of these portions of the charge the jury was left largely to its own devices as to how it would ascertain the amount of damages it should award on account of future diminution of earning capacity of the plaintiff. As has been said many times, these matters, in the final analysis, relate to the natural phenonemon of life anyway, and the jury is presumably as cognizant of them as the judge. It would seem, therefore, that unless the case be one where the judge's charge has completely precluded the jury from a consideration of such matters in fixing the damages for the future diminution of earning capacity, if the defendant desires instructions specially calling to the jury's attention these factors, he should submit a written request therefor, otherwise it is not harmful or reversible error for the court to fail to instruct the jury in this regard. It follows that the trial judge did not err in overruling grounds 9 and 21 of the motion for a new trial.

In ground 10 of the motion for a new trial, error is assigned on four separate paragraphs of the charge. The first of these paragraphs instructed the jury that certain mortality tables had been introduced and that if it should find from the evidence that the injuries of either the plaintiff or his wife are permanent then it would have a right to use them, that it did not have to use them, and that if the injuries of either the plaintiff or his wife were not permanent then it would not use the mortality tables. The second paragraph merely undertook to enumerate the elements of damage claimed in the plaintiff's petition; the third instructed the jury that if it found that the plaintiff was otherwise entitled to recover he would be entitled to recover on all of those elements of damage thus enumerated which the jury found from the evidence in the case that he had

suffered; and the final paragraph thus excepted to merely instructed the jury that if it found that the plaintiff had suffered permanent diminution of his earning capacity it should find the amount of such diminution and reduce it to its present cash value by using the rate of 7 per cent per annum. It is contended that these paragraphs of the charge, when considered together, were abstractly incorrect and that each separate paragraph was erroneous and not sound as an abstract principle of law; and that the charge was erroneous and incorrect for the reason that it was not warranted by or adjusted to the evidence in the case because there was not sufficient evidence to authorize the jury to find that the plaintiff's injuries were permanent in nature, and that the charge, therefore, contains an expression of opinion by the court and the implied assumption that the jury was authorized to find that the plaintiff's injuries were permanent in nature. With the exception of one portion of the first paragraph of the charge excepted to in this ground, which will be hereinafter discussed, the charge was not as a whole nor in any of its separate parts erroneous or unsound as an abstract principle of law. In the last sentence of the first paragraph of the instructions quoted above, the judge charged the jury that if it should find from the evidence that either the plaintiff or his wife had not suffered permanent injuries, then it would not use the mortality tables and would disregard them. This sentence was technically incorrect and in conflict with the first sentence of the paragraph wherein the judge charged the jury that if it should find that the injuries of either the plaintiff or his wife were permanent in nature that it had the right to use the mortality tables. Technically, the last sentence precluded the jury from using the mortality tables unless the injuries of both the plaintiff and his wife were permanent in nature and character. The jury had the right to use the mortality tables if the injuries to either the plaintiff or his wife were permanent in nature and character. We have carefully considered this portion of the charge in connection with the entire charge and we do not believe that the jury could reasonably have understood other than that it was to consider the various elements of damages claimed in the plaintiff's petition separately; that if the plain-

tiff's injuries were permanent in nature and character it should use the mortality tables in computing the amount of damages it would award the plaintiff for the diminution of his earning capacity in the future; and, that in computing the amount of damages it would award the plaintiff for his loss of consortium and services of his wife in the future, it could use the mortality tables.

While it would perhaps have been better had the trial judge in charging the jury taken up and considered separately the elements of the plaintiff's damages and instructed the jury separately with respect to each, it is not apparent that this charge was harmful error to the defendant. The charge as a whole sufficiently instructed the jury as to the essential law of the case, and while "some of the detached fragments of the charge, if treated alone, may be subject to slight criticism, when considered in the light of the charge as a whole and the facts of the case, none of them disclose reversible error." *Smith v. Castle,* 102 Ga. App. 737, 742 (117 SE2d 623).

The plaintiff's evidence showed at least that the plaintiff and his wife had continued to suffer pain and discomfort and some disability from the time of the collision complained of to the date of the trial. Whether the jury believed this evidence and gave credit to it in reaching a verdict in the face of possible conflicts in the evidence which would have authorized a finding that the plaintiff's injuries and those of his wife were not, in fact, permanent, were factors solely for the jury to consider. The evidence authorized instructions with respect to awarding damages for the plaintiff's and his wife's permanent injuries. *Southern Ry. Co. v. Petway,* 7 Ga. App. 659 (1) (67 SE 886); *Central of Ga. Ry. Co. v. Dumas,* 44 Ga. App. 152, 155 (14) (160 SE 814). Ground 10 of the motion for a new trial shows no harmful or reversible error.

■ In ground 12 of the motion, error is assigned on a portion of the charge because the judge instructed the jury that the negligence of the defendant must be the proximate cause of the injury *or* damage claimed before a recovery therefor would be allowed. It is contended that this charge was erroneous and not sound as an abstract principle of law, and in his brief coun-

sel for the plaintiff in error argues that the word "or" should have been "and", and that it was not sufficient for the plaintiff to show that the defendant's negligence was the proximate cause of the injury *or* damage. Examination of the cases cited by the plaintiff in error shows that these terms, that is, the words "injury" and "damage" as used in the charge are synonymous words and used interchangeably. In giving this instruction, the trial judge was using these terms in this sense, that is, synonymously, and the use of the disjunctive "or" rather than the conjunctive "and" to connect the term was proper.

■ The remaining special grounds of the motion are not argued or insisted upon and are, therefore, treated as having been abandoned.

, While there was some conflict in the evidence, with the exception of the element of damages referred to in division 3 of this opinion, supra, (that is, as to the necessity of the dental work on the plaintiff's wife) there was ample evidence to authorize the jury's verdict in favor of the plaintiff. As alleged in the petition and as shown by his evidence, the plaintiff sustained personal injuries and property damage to his automobile, and his wife sustained disabling personal injuries which impaired the plaintiff's right of consortium and materially reduced the services which she was able to render to the plaintiff as a housewife. The jury was authorized to find that both the plaintiff's and his wife's injuries were permanent. The evidence authorized the jury to find that the plaintiff also incurred medical expenses in behalf of himself and his wife in excess of $600, and automobile damage in the amount of $332.19. This court cannot say, in view of the many elements of damage which the jury was authorized to consider and find in the plaintiff's favor, that the verdict, except as to the dental expense, was unauthorized or excessive. Accordingly, the judgment is affirmed on condition that the plaintiff write off from the verdict the amount of $277, which amount was shown by the evidence to have been paid by the plaintiff for the removal of Mrs. Young's teeth and for replacement with dental plates.

*Judgment affirmed on condition. Eberhardt and Custer, JJ., concur.*