45096.   DOUGLAS & LOMASON COMPANY v. CROUCH.

WHITMAN, Judge. This case arises out of a complaint on open account and a counterclaim by the defendant against the plaintiff. The only issue on the trial of the case was one of delivery by the plaintiff to the defendant of 20 fertilizer spreader bodies, this issue being stated in the charge of the court, not excepted to: "Did this plaintiff deliver to Mr. Crouch in person or to his agent the 20 fertilizer spreader bodies represented by invoice No. 3894, dated September 25th, 1964?" The plaintiff's

position was that he had manufactured 20 fertilizer spreader bodies for the defendant; that the defendant's employee picked up the units at the plaintiff's plant; but that the bill for them was unpaid. The defendant denied the debt, contending that the 20 units were never delivered to him or to anyone in his behalf; that neither he nor any person acting for him has ever seen, received or derived any benefit whatsoever from the 20 units.

The issue on the trial of the case was, as above stated, one of delivery. The jury found in favor of the defendant against the plaintiff in the amount of $587.11. It was stipulated on the trial by counsel for appellant that if the jury should find that the plaintiff was not entitled to recover on its complaint against the defendant, the plaintiff would owe the defendant the amount of $587.11. Plaintiff appealed from the judgment on the verdict. There are no enumerations of error as to lack or insufficiency of evidence to support the verdict, the enumeration relating only to several evidentiary rulings and a question by the court. *Held:*

1. A former employee of the plantiff was called as a witness by the defendant. He was asked a dual question regarding the company's policy during his employment of requiring receipts from persons who picked up merchandise from the plaintiff's plant and whether or not he had been given instructions to that effect. The witness testified he had received such instructions. The plaintiff objected to the question but not to the answer, on the ground that the proper basis had not been laid for the witness to answer the question. It was then established that the witness had been an assistant foreman and then a foreman in one of the plant's shops and had received the instructions regarding receipts from the general manager of the company.

It appears that the witness testified from his own knowledge as to the instructions received. With the basis and opportunity for having such knowledge so testified to, the trial court did not err in overruling the objection as made.

2. Appellant contends that the trial court erred in forming and expressing an opinion that it was a common practice of appel-

lant company to take receipts for deliveries and in so doing *stated* as follows: "I mean he (general manager of appellant company) told you, gave you instructions about receipts?" It was a question by the court and not a statement. In fact, the enumeration of error in this respect expressly refers to the alleged statement as a question. It did not, as contended by appellant, constitute "an opinion (by the court) impressing the jury that the court believed that instructions about receipts had been given." The enumeration of error is without merit.

3. The witness mentioned in Division 1 of this opinion was asked: "Do you know whether or not at that time the person to whom the material was delivered signed a receipt? Do you remember seeing anybody sign receipts?"

The plaintiff objected on the ground that the question was not relevant; that the issue in the case was confined to delivery or nondelivery of the 20 specific items, identifiable by the particular job number and invoice number hereinabove referred to. There was no error in overruling the objection.

The plaintiff had previously solicited similar testimony from other witnesses to show its general practice of not requiring receipts from certain customers. In particular, plaintiff had sought to establish that it had never required this defendant to sign a receipt when it had picked up merchandise on past occasions. In any event, the answer of the witness was consistent with the plaintiff's contention that it had not required receipts from the defendant. His response was that he never did see these people receipt anything.

4. There was no error in allowing testimony by the defendant as to his purchases and sales of fertilizer spreaders during a particular time period or in admitting the defendant's "sales journal" into evidence over the plaintiff's objections of irrelevancy. See *Williams v. Young*, 105 Ga. App. 391 (1) (127 SE2d 795).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*
ARGUED FEBRUARY 2, 1970—DECIDED JUNE 29, 1970.

*Beck, Goddard, Owen, Squires & Murray, Swift, Currie, McGhee & Hiers, Albert E. Phillips, Stephen O. Squires,* for appellant.
*Christopher & Futral, Claude Christopher,* for appellee.