## 70660. WALKLEY v. DUKES.
(334 SE2d 868)

DEEN, Presiding Judge.

Appellee Jerri Lynn Dukes sustained extensive soft tissue injuries to the upper left quadrant of her body when the automobile she was driving along a Catoosa County thoroughfare was struck by another vehicle whose driver, appellant Walkley, failed to yield the right-of-way at an intersection, as required by OCGA § 40-6-70 (a). Dukes sought $85,000 in damages for pain and suffering and loss of future earnings. At trial, Ms. Dukes' treating physician, an orthopedist, testified by deposition that she had a ten percent permanent physical impairment of the left upper extremity. A jury awarded the amount prayed for, and appellant moved for a new trial on the general grounds. Upon denial of the motion, Walkley appealed, enumerating as error the trial court's denial of his motions for new trial and for a mistrial. *Held*:

1. We construe appellant's first enumeration, which alleges only that the trial court erred "in denying Defendant Walkley's Motion for

a New Trial," as a challenge on the general grounds. Appellant has cited no authority and presented no argument in support of this enumeration, and it is therefore deemed abandoned under Rule 15 (c) (2) of the Rules of the Court of Appeals.

2. Alleging violations of OCGA §§ 9-10-185 and 24-3-37, appellant assigns as error the trial court's denial of his motions on the basis of allegedly improper statements by appellee's counsel during closing argument and by appellee herself while on the witness stand. Our scrutiny of the transcript reveals that none of the allegedly improper remarks was of such character as in any way to influence the jury or unfairly to advance plaintiff/appellee's cause or prejudice that of defendant/appellant. We are not persuaded that any of the challenged statements constituted an improper or otherwise erroneous remark. The transcript further reveals that on the occasion of each challenged remark, the trial court either reprimanded counsel or issued curative instructions to the jury, or both. The exercise of the trial court's discretion in granting or denying a mistrial will not be disturbed on appeal absent abuse. *Bowman v. Bowman*, 230 Ga. 395 (197 SE2d 372) (1973).

Moreover, even if, *arguendo*, any of the challenged remarks was improper, it is well settled that, to warrant reversal or a new trial, demonstrated error must be shown to be prejudicial. OCGA § 9-11-61; *Miller Grading Contractors v. Ga. Fed. Savings &c. Assn.*, 247 Ga. 730 (279 SE2d 442) (1981). Appellant has shown no such prejudicial effect, and we find no reason why either a mistrial or a new trial should have been granted. *Dawes Mining Co. v. Callahan*, 154 Ga. App. 229 (267 SE2d 830) (1980). Appellant's third, fourth, and fifth enumerations are without merit.

3. In his second and sixth enumerations appellant assigns as error the trial court's failure to give two jury instructions regarding calculation of damages. Appellant contends, first, that the jurors should have been instructed that in computing damages for loss of future earnings, they should take into account the diminution of a person's earning capacity that often occurs in his later years. Appellant also contends that the court should have instructed the jury as to the mathematical formula for reducing lost future earnings to present cash value. Appellant acknowledges that he neither requested jury instructions on these two points nor raised the matter when invited by the court to present objections. Under OCGA § 5-5-24 (a), he may therefore be deemed to have waived his right to except. *Hopkins v. City of Philadelphia*, 155 Ga. App. 534 (271 SE2d 672) (1980).

Appellant contends, however, that this court should nevertheless review these enumerations under the mandate of OCGA § 5-5-24 (c), which reads as follows: "[T]he appellate courts shall consider and review erroneous charges where there has been a *substantial error* in

the charge which was *harmful as a matter of law*, regardless of whether objection was made hereunder or not." (Emphasis supplied.) In support of his contention that the trial court, in failing to instruct regarding decreased earning capacity in one's declining years, committed an error reviewable by this court, appellant cites *Porter v. Bland*, 105 Ga. App. 703, 708 (125 SE2d 713) (1962): "In a case where the pleadings and evidence would authorize recovery for both pain and suffering and a diminution in one's capacity to earn money, the court must charge on both measures of damages. [Cits.] Where the plaintiff claims damages for permanent injury, the failure to instruct the jury that it should take into consideration the diminution of earning capacity of the plaintiff in his declining years, although not requested by the defendant, is erroneous." See *Florida Central &c. R. Co. v. Burney*, 98 Ga. 1, 10 (26 SE 730) (1895). As we pointed out in Division 2, supra, however, error must be shown to be prejudicial before it can be considered as grounds for reversal of a judgment.

In *Williams v. Young*, 105 Ga. App. 391 (124 SE2d 795) (1962), this court made a comprehensive survey of Georgia decisions on these and related points and found two conflicting lines of cases. The court's analysis, at 401 et seq., was as follows: "The tendency of the appellate courts has been to decide this question as it arises in each case on the specific facts of each case, and if it is apparent that the failure to charge this proposition could not have adversely affected the amount of the verdict from the defendant's point of view, then such failure to charge was not error. [Cits.] On the other hand, cases which hold that it is error to fail to present to the jury this proposition even without request may nearly all be grouped in the category of those where the evidence was in sharp conflict and the verdict rendered was substantial in amount, and apparently the appellate court thought upon consideration of the case on all of the record that the failure to charge this proposition probably adversely affected the amount of the verdict . . . ." The *Williams* court continued, at 403: "[I]n all of those cases where there was a reversal on account of the failure of the court to charge this proposition without request, it appeared that the court gave to the jury an *incorrect mathematical yardstick* for determining future lost earnings which *precluded them from considering* such matters as increased or decreased future earnings, variance in length of life, or other variables which must naturally enter into any such computation." (Emphasis supplied.) The court concluded, at 404: "[T]hese matters, in the final analysis, relate to the natural phenomena of life . . . , and the jury is presumably as cognizant of them as the judge. It would seem, therefore, that unless the case be one where the judge's *charge has completely precluded the jury from a consideration of such matters* in fixing the damages for the future diminution of earning capacity, if the defendant desires

instructions specially calling to the jury's attention these factors, he should submit a written request therefor, otherwise it is not harmful or reversible error for the court to fail to instruct the jury in this regard." (Emphasis supplied.)

On the points challenged in enumerations two and six, the trial court instructed the jury as follows: "Upon the question of damages, I charge you that there are several elements of damages which may be considered . . . If you find there are permanent injuries, you have the right to give damages for that as a distinct item. If you find there was physical pain and suffering, you have the right to give damages for that as a distinct item. If you find there was mental suffering, you have the right to give damages for that . . . mental suffering which a person may have from the consciousness that his or her earning capacity is injured for life . . . You can give damages for diminution of earning capacity, if the evidence justifies you to find that her earning capacity has been diminished, and that the defendant is liable therefor . . . Pain and suffering is a legal item of damage. The measure is the enlightened conscience of fair and impartial jurors . . . I charge you that there can be only one aggregate compensation for pain and suffering caused by loss of capacity to work and labor, and for decreased earning capacity. These are separate and distinct elements, and you may include damages for each of these elements in issue, but only once for each . . . As to decreased earning capacity, based on evidence of what the plaintiff was able to do before and after the injury, the nature and percentage of permanent impairment, and the value of the services before the injury, you may make an award as compensation for diminished earning capacity, whether or not the evidence establishes with any exactitude the lost future earnings. In making an award as compensation for decreased earning capacity, any amount you consider as lost future earnings should be reduced to present cash value . . . I charge you that the plaintiff is not seeking to recover for her medical expenses, or for her actual loss of earnings for the four weeks she missed from work immediately after the collision."

In the instant case there was no sharp conflict in the evidence on the point of lost earnings, and sufficient evidence was adduced regarding appellee's past and present earnings to enable reasonable jurors, with the assistance of the jury instructions cited, supra, and the mortality tables provided, to compute the range of earnings which appellee might have expected had her ability to work not been permanently impaired as a result of the automobile collision. The amount sought and awarded, $85,000, was well within the range of projected lost earnings (based on past earnings and degree of permanent impairment) and is consistent with the relevant jury instructions and the "enlightened conscience of fair and impartial jurors" standard.

4. Appellant argues, however, that the trial court's failure to

specify the method by which appellee's possible gross future earnings loss should be reduced to present cash value constitutes reversible error. The pattern jury instructions published in 1984 by the Council of Superior Court Judges of Ga. (Carl Vinson Institute of Government, Univ. of Ga., Athens, Ga., 2d ed.), at 109, recommends the following instruction when (as here) mortality tables are used: "If you use the mortality tables, you should take the average annual loss of future income of the plaintiff, multiply it by the number of years of his life expectancy, and that will give you his probable gross loss of future earnings. You should then reduce them to their present cash value by any method satisfactory to yourselves." *Florida Central &c. R. v. Burney,* supra, is cited as authority for the suggested instruction.

The transcript of the instant case affirms appellant's allegation that the court did not give an instruction as to methodology for ascertaining present cash value of lost earnings. See Division 3, supra. The cited pattern instruction, however, does not require that a method be specified. In *Jones v. Hutchins,* 101 Ga. App. 141, 147 et seq. (113 SE2d 475) (1960), this court held that "wherever there is evidence of the pecuniary value of the plaintiff's earning capacity at the time of injury coupled with evidence of the nature and extent of the diminution of that capacity[,] the jury may arrive at a reasonable and just compensation for impairment of earning capacity . . . Based on [such] evidence . . . , a jury may make an award as compensation for diminished earning capacity, whether or not the evidence establishes with any exactitude the lost future earnings." In *Michaels v. Kroger Co.,* 172 Ga. App. 280 (322 SE2d 903) (1984), this court, relying on *Jones v. Hutchins,* supra, and on *Hunt v. Williams,* 104 Ga. App. 442 (122 SE2d 149) (1961), held at 286 that "all future earnings or diminished future earnings are uncertain and difficult of ascertainment . . . , but this does not mean that a plaintiff should be denied a recovery. Prior decisional authority requires only that there must be evidence from which the jury can estimate, or reasonably infer the loss or decrease in earning capacity."

As noted in Division 3, supra, there was ample evidence in the instant case to form a basis for the jury's award of damages, and the amount awarded was within the range which the jury might "estimate, or reasonably infer [to represent] the loss or decrease in earning capacity." Although specifying a method or methods by which the reduction to present cash value might be achieved would perhaps have been helpful to the jury, we cannot say as a matter of law that the court's omission to do so constituted reversible error. This enumeration, too, is therefore without merit.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 5, 1985.

David D. Gottlieb, Dennis D. Watson, for appellant.
Lindsay H. Bennett, Jr., Hubert E. Hamilton III, for appellee.