### 9822.  HALL *v.* HILLSIDE COTTON MILLS *et al.*

STEPHENS, J. The plaintiff's petition, failing to show that the negligence of the defendants, as charged therein, was the cause of the injury sued for, set forth no cause of action and was properly dismissed on demurrer.

*Judgment affirmed.  Broyles, P. J., and Bloodworth, J., concur.*

DECIDED FEBRUARY 18, 1919.

Action for damages; from city court of LaGrange—Judge Moon. April 6, 1918.

Hall sued the Hillside Cotton Mills and the Columbus Power Company, alleging, in brief, that he was employed by the mills; that the said power company furnished electric current to the mills by wires which entered a transformer house at the mills and were connected with a switch-board and a meter in the transformer house; that one of these wires in the transformer house had been spliced or mended by some person unknown to him and was not at the time of the splicing or mending insulated or protected, but was left entirely exposed and naked; that it was his duty to go to the transformer house on Sunday and read the meter, and on Sunday, October 22, 1917, he did this; that on the next day he returned to the transformer house to get a rule that he had inadvertently left there; that he picked up the rule and started to go out of the house, and, when he was at a point several feet from the wires and from the frame on which was fixed the meter and the switch-board, he was shocked and stunned by electricity which threw him back and ren-

dered him unconscious, and caused described injuries. He alleged that the defendants were negligent in allowing the wire to remain where it was, in an uninsulated and unprotected condition, in not informing him as to its condition and warning him of the danger, and in not furnishing him with a safe place in which to perform his duty; that he did not know, and in the exercise of ordinary care could not have known, of the dangerous condition described, and that he was in the exercise of due care and did not contribute to the injury.

The defendants demurred on the ground that no cause of action was set out, and on numerous other grounds, and contended that no connection between the alleged negligence and the injury was shown in the petition. The court allowed the plaintiff an opportunity to amend in order to meet this objection, but no amendment was offered, and the court sustained the demurrers and dismissed the suit. In the brief of counsel for the plaintiff it is said that "while it is not alleged how or in what manner the current of electricity reached the plaintiff from the wires, it is because the method of the passage is unknown to even experts;" that "the whole case comes under the doctrine of res ipsa loquitur, and is based on the law laid down in *Chenall* v. *Palmer Brick Co.*, 117 *Ga.* 106, cited and followed in *City of Thomasville* v. *Jones*, 17 *Ga. App.* 625; *Payne* v. *Rome Coca-Cola Bottling Co.*, 10 *Ga. App.* 762; *Sinkovitz* v. *Peters Land Co.*, 5 *Ga. App.* 788." On this point counsel for defendants cited: *Cochrell* v. *Langley Mfg. Co.*, 5 *Ga. App.* 322; *Hudgins* v. *Coca-Cola Bottling Co.*, 122 *Ga.* 695; Park's Ann. Code, § 5743, and citations under "Res ipsa loquitur."

*E. A. Jones*, for plaintiff. *Hatton Lovejoy, Frank U. Garrard, A. S. Bradley, A. H. Thompson*, for defendant.