FLEMING *v.* PATTERSON *et al.*

No. 7401. APRIL 19, 1930.

*Titus & Dekle* and *W. H. Hammond,* for plaintiff in error.

*W. W. Alexander, H. J. MacIntyre, Branch & Snow, H. H. Merry,* and *J. S. Hopkins,* contra.

HILL, J. (After stating the foregoing facts.)

Ground 7 of the motion for new trial complains of the following charge of the court: "If you find from the evidence in this case that J. G. Patterson, one of the members of the partnership of Patterson & Son, purchased the 'Hawkins place' for the partner-

ship, and that the land was paid for out of partnership funds, and that the land was held by the partnership and used for partnership purposes, it will be your duty to find that the land constitutes a part of the assets of Patterson & Son, and that the defendant T. A. Patterson is entitled to an interest in said land as such partner to the extent of his interest in the partnership, and that the interest in said land of J. G. Patterson as such partner descended to his heirs, and T. A. Patterson as one of such heirs is also entitled to his distributive share of his father's interest in said land." Plaintiff contends that the following portion of the foregoing charge: "and that the interest in said land of J. G. Patterson as such partner descended to his heirs, and that T. A. Patterson as one of such heirs is also entitled to his distributive share of his father's interest in said land," was prejudicial and harmful error, for the reason that the only legal effect of it was an expression of opinion by the trial judge "that said T. A. Patterson was entitled to recover his one-fourth interest in the land according to the partnership agreement, and that he was also entitled to his distributive share of his father's interest in said land." Movant's contention is that the use of the words, "and he is also entitled," was calculated to impress upon the minds of the jury that T. A. Patterson was entitled to recover his full one-fourth interest in the land in addition to what he claimed therein by virtue of his alleged partnership agreement with his father. These contentions are without merit. The court began the charge with the words: "If you find from the evidence in this case," etc.; and the language of the charge being authorized by the evidence, we are unable to see how it is erroneous for any of the reasons assigned.

■ Ground 11 of the motion for new trial excepts to a refusal to give to the jury the following instruction: "Whether the silence, if any, of one in whose presence statements are made, which he does not deny, amounts to an admission, depends upon whether the circumstances require of him an answer. If, in the case at bar, you believe from the evidence that the said J. G. Patterson made in the presence of his son, the defendant, T. A. Patterson, any statement in regard to the said T. A. Patterson not having an interest with him in any particular piece of land involved in this litigation, such as the Hawkins place, and you further believe from the evidence that the circumstances at the time said statement was

made required of the said T. A. Patterson an answer, but you further find from the evidence that the said T. A. Patterson remained silent, or made no answer to the said statement so made in his presence by the said J. G. Patterson, then I charge you that it must be held, as a matter of law, that the said silence of the said T. A. Patterson, or his said failure to answer the said statement so made in his presence by the said J. G. Patterson, amounted to an admission of the truth of the matters stated in said statement." The court did charge the jury, that "whether the silence, if any, of one in whose presence statements are made, which he does not deny, amounts to an admission, depends upon whether the circumstances require of him an answer; and if, in the case at bar, you believe from the evidence that the said J. G. Patterson made in the presence of his son, the defendant T. A. Patterson, any statement with regard to the said T. A. Patterson not having an interest with him in any particular piece of land involved in this litigation, such as the 'Hawkins place,' and you further believe from the evidence that the circumstances at the time said statement was made required of the defendant T. A. Patterson an answer, but you further find from the evidence that the said T. A. Patterson remained silent, or made no answer to the statement so made in his presence by the said J. G. Patterson, then and in such case the judge instructs you that said silence of the said T. A. Patterson, or his said failure to answer the said statement, if you believe such was made, amounted to an admission by him of the truth of the matters stated in such statement; and the judge instructs you that as to what your finding shall be with respect to the issues involved in the case, as already stated, would depend upon what you find to be the truth of the case with respect to such issues." The refusal to charge, and the part of the charge actually given, to wit, "and the judge instructs you that as to what your finding shall be with respect to the issues involved in the case, as already stated, would depend upon what you find to be the truth of the case with respect to such issues," was not erroneous for the alleged reason that it destroyed and nullified the instruction with reference to the admission on the part of T. A. Patterson by reason of his silence.

■ Other headnotes require no elaboration.

■ The evidence authorized the verdict, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*