ABERCROMBIE *v.* McLARTY.

No. 8161.   SEPTEMBER 17, 1931.   REHEARING DENIED SEPTEMBER 30, 1931.

*Astor Merritt* and *C. M. James,* for plaintiff in error.
*Smith, Hammond, Smith & Bloodworth, W. L. Bryan,* and *J. R. Hutcheson,* contra.

BECK, P. J. Mrs. Ossie J. McLarty, on behalf of herself and minor children, alleging themselves to be devisees under the last will and testament of A. W. McLarty, deceased, filed an equitable petition against W. C. Abercrombie and Mrs. Mattie D. Abercrombie, and prayed for cancellation of a certain deed to Mattie D. Abercrombie, executed by the deceased subsequently to the execution of the will under which the plaintiffs claim, the deed having been executed February 9, 1924. In the petition it is alleged that "on or before January —, 1924, the said A. W. McLarty lost his mind and his reason and became insane. To this petition the defendants filed their plea and answer denying the material allegation as to the mental incompetency of the deceased to execute the deed. Upon the trial of the case the jury returned a verdict for the plaintiff, and the defendants made a motion for a new trial, which was overruled, and they excepted. There were other questions made by the petition and the answer; but under the rulings of the court all questions sought to be made, except the validity of the deed executed on February 9, 1924, were eliminated, and the sole question at issue on the trial of the case was as to whether or not the deed in question should be canceled. The original motion for a new trial contained the usual general grounds. By amendment thereto several additional grounds were added, making special assignments of error.

In the fourth ground of the motion error is assigned upon the ruling of the court in refusing to admit in evidence the testimony of the witness G. T. McLarty, who was sworn as a witness for the defendant, as to being in possession of certain notes signed by Mattie D. Abercrombie, the defendant, and delivery of the notes to the payees mentioned in the notes. Two of these notes were payable to G. T. McLarty as trustee for Elizabeth Baggett and Frank Baggett, and the other notes were delivered to W. M. McLarty and Mrs. McGourik. This testimony when offered was objected to upon the ground that it was immaterial and irrelevant, and the court sustained the objection. There was no error in this ruling, as it did not illustrate the issue involved in this case as it is stated above. And what is said here is also applicable to the assignment of error upon the ruling of the court excluding from the evidence a certified copy of the appraisal of the estate of the deceased.

**416**

■ In the seventh ground error is assigned upon the refusal of the court to charge the jury in the language of a written request which reads as follows: "It does not require a high degree of mental power to make a binding contract. One who has enough of mind and reason to a clear and full understanding of the nature and consequences of his act in making a deed is to be considered sane. One who lacks this capacity is to be considered insane. One who has not the strength of mind and reason equal to a full and clear understanding of his act in making a contract is one who is afflicted with an entire loss of understanding. . . . The law, in fixing the standard of positive legal competency, has taken a low standard of capacity; it holds that weak minds differ from strong ones only in the extent and power of their faculties; but unless they betray a total want of understanding, or idiocy, or delusion, they can not properly be considered unsound." In view of the court's charge upon the subject to which this request relates, the court did not err in refusing to give in charge the exact language contained in the request. And besides, the request was open to the objection that it was argumentative.

■ The same ruling is made as to the refusal of the court to give in charge the requested instruction contained in the 8th ground of the motion, as follows: "A lucid interval is a temporary restoration to sanity of one who is ordinarily insane; that is, a temporary rift in the cloud of madness, during which there is a return to the normal from a legal standpoint. While a lucid interval does not necessarily mean a perfect restoration of health and reason, yet it does mean such a restoration of the reason faculties as will enable the person to exercise a sound and reasonable judgment with reference to the matter in hand." This requested charge is also open to the objection that it is argumentative and somewhat too rhetorical, in that it contains the language that a lucid interval is a temporary restoration to sanity of one who is ordinarily insane; that is, a temporary rift in the cloud of madness, etc. The court did charge the jury, in defining lucid interval, that "a lucid interval is a temporary restoration to sanity of one who is ordinarily insane." That is a part of the request to charge, and was a sufficient definition of a lucid interval.

■ The rulings made in headnotes 4 to 7, inclusive, require no elaboration.  *Judgment affirmed.  All the Justices concur.*