38082.  BIBB TRANSIT COMPANY *v.* SCOTT.

DECIDED MARCH 17, 1960—REHEARING DENIED
MARCH 25, 1960.

*Miller, Miller & Miller, Wallace Miller, Jr.,* for plaintiff in error.

*S. Gus Jones, Neal D. McKenney,* contra.

CARLISLE, Judge. ■ The first special ground of the motion for new trial (designated special ground "A") assigns error because it is contended that the trial court erred in failing to charge three timely submitted written requests. The first two of these requests are as follows:

"I charge you that when a passenger is seated on a bus and voluntarily gets up and stands for any purpose while the bus is in motion, such passenger assumes the risk of ordinary and inherently unavoidable movements of the bus by swaying or by its stopping at the command of a red traffic light and similar unavoidable or required actions of the bus."

"I charge you that a passenger who voluntarily leaves his seat and position of safety on a bus while the bus is in motion assumes the risk of injury from the regular and ordinary movement of the bus, including the risk of being thrown while in a standing position as the bus is brought to a legal and lawful stop."

As can be seen, these requested charges relate to the liability of the bus company to a passenger who stands while the bus is in

■

motion. The facts, as disclosed by the evidence, show that the plaintiff was seated on the bus and that he was injured when a standing passenger fell onto or against him as the bus was brought to a stop. Assuming, but not deciding, that these two requests to charge were otherwise legally sufficient, they were incomplete in that they did not contain an instruction to the effect that: if the jury should find that a passenger fell against the plaintiff, and that his fall was one of the causes of the plaintiff's injuries, then the plaintiff cannot recover for the injuries which he suffered on account of the passenger falling onto or against him unless the jury also finds that such fall occurred under circumstances which showed that the defendant bus company would have been liable to the passenger were he the party suing. Since they did not contain as a part of them such an instruction which would have connected them with the specific case under consideration, they were palpably not pertinent to the facts in the case, and if given in the form requested, would have only resulted in confusing the jury as to how they should be applied to the particular facts of this case. The court should never give an instruction to the jury which would confuse them as to the true issues in the case. *Christopher* v. *Mooty*, 155 *Ga.* 286 (1) (117 S. E. 90). There was no issue in this case as to the liability of the defendant to any standing passenger. A request to charge, in order to sustain an assignment of error on the refusal of the court to grant it, must itself be correct and perfect. *Goodwin* v. *Allen*, 89 *Ga. App.* 187 (2) (78 S. E. 2d 804).

■ The other request to charge, which it is contended in the first special ground the court erred in refusing to give after it had been timely requested in writing, is as follows: "I charge you that if you find the bus was being operated in a legal and lawful manner while traveling on Forsyth Street, and that prior to the bus entering the intersection of Forsyth Street and College Street a traffic light governing the movement of traffic changed to red against traffic moving as the bus was, and that the bus operator brought the bus to a stop in obedience to said red light, you are required to render a verdict for the defendant, even though you might find that the stop was sudden, unusual and violent."

The court charged the jury: "I charge you in this case before

you would be entitled to find any amount for the plaintiff, you must conclude by a preponderance of the evidence that at the time and place involved the bus operator brought the bus to a sudden stop; that he brought the bus to a violent stop; that he brought the bus to an unusual stop, and that he brought the bus to an unnecessary stop. All four of these particulars must be proved by a preponderance of the evidence before you would be authorized to find any amount for the plaintiff. . .

"I charge you if you find that the defendant's bus was approaching the intersection of Forsyth Street and College Street at a lawful and legal rate of speed, and that prior to the bus arriving at the intersection the traffic light changed to red, I charge you that under the law the bus operator was required to bring the bus to a stop prior to entering the intersection.

"I charge you that although the defendant bus company in this case, under the law, was required to exercise extraordinary care and diligence for the safety of its passengers, the bus operator of the defendant in this case was under no duty to anticipate that a passenger would leave his seat and stand for the purpose of closing a window.

"I charge you, as a matter of law, that it was necessary for the bus operator to bring his bus to a stop prior to entering the intersection of Forsyth Street and College Street if the light turned red against him prior to his reaching the intersection."

It will thus be seen that the judge, while not charging in exactly the language requested, charged the jury in the substance of the request. It is not error for the trial judge under such circumstances to refuse to give a charge in exactly the language requested. *Perry* v. *Poss,* 86 *Ga. App.* 169, 175 (71 S. E. 2d 283). Furthermore, the last portion of this request which sought to have the jury instructed that they would be required to render a verdict for the defendant even though they might find that the stop was sudden, unusual and violent, is not a correct statement of the law in that it does not contain anywhere the element that such stop must be shown to have been necessary. Under one view of the facts as disclosed by the evidence in this case, the jury would have been authorized to find that the light changed when the bus was so close to the intersection and pro-

ceeding at such a speed that the driver would have been legally authorized to proceed on through the intersection notwithstanding the fact that the light was changing. The evidence showed that the light changed from green to amber and remained amber for a period of three seconds, which would have given the bus ample time to travel a distance of some 90 feet if, as testified, the bus was traveling at 20 miles an hour, and this amount of time would have been ample for the bus to enter the intersection and proceed through it with safety before the light changed from amber to red if the jury found, as contended by the plaintiff, that the bus was within, or so near to, the intersection at the time the light changed that it traveled 10 or 12 feet out into the intersection before it could be stopped. On the other hand, if, as testified by the driver, the light began to change when the bus was some 70 odd feet from the intersection, the jury, under another view of the evidence, could have found that the driver did not begin to slow the bus and bring it to a stop in sufficient time to do so without making a sudden stop, though he had sufficient notice of the light change to have stopped gradually. If the jury found, as contended by the plaintiff, that the bus stopped some 10 or 12 feet out into the intersection, under either of these circumstances a finding by the jury that the suddenness of the stop was unnecessary would have been authorized. It follows that the refusal of the trial court to give this portion of the request to charge was not error for any of the reasons assigned.

■ The third special ground (designated "C") complains of a portion of the charge. In view of the facts set forth and the reasoning enunciated in the foregoing division of the opinion, the court did not err in charging the jury that the defendant was under no duty to anticipate that a passenger would leave his seat and stand for the purpose of closing a window, and that if the traffic light turned red against the bus prior to its reaching the intersection, the operator was required to bring the bus to a stop, but that, nevertheless, it was a jury question to be determined from the physical facts in evidence as to whether or not the driver was guilty of negligence in bringing the bus to a stop under circumstances then and there existing. As pointed out in the foregoing division of the opinion, there were circumstances which

would have authorized the jury to find that the particular stop and the manner in which it was made were unnecessary, even though the bus driver was required to stop before entering the intersection, and these portions of the charge were not subject to the criticism that they authorized the jury to find that as to this particular plaintiff, the mandatory law of stopping at the red light was not applicable.

■ The fourth and final special ground (designated "D") complains because the trial court failed to charge the jury the law respecting intervening proximate causes as applied to the contention of the defendant that the sole proximate cause of the plaintiff's injury was the negligence of the fellow passenger in · arising from his seat and attempting to close a window on the bus at the particular time and place. While the plaintiff's right to recover was based on the fact that the fellow passenger was caused by the defendant's negligence to fall on the plaintiff, the defendant in its answer merely denied the allegations of the plaintiff's petition. Nowhere in the defendant's answer was any issue raised with respect to the intervening negligence of the fellow passenger, and while from the evidence an inference might have been drawn by the jury that such act on the part of the fellow passenger was negligence and that it was the proximate cause of the plaintiff's injury, such inference to be drawn from the evidence was not sufficient to require the court to charge thereon. It is not error for the trial court to fail to charge without request on an issue which is not raised both by the pleadings and the evidence. *Hardwick* v. *Georgia Power Co.,* 100 *Ga. App.* 38, 45 (5) (110 S. E. 2d 24).

■ The plaintiff in error nowhere in its brief has mentioned or insisted on the second special ground of the motion for new trial. The assignment of error on that ground is, therefore, not passed on by this court.

With respect to the assignment of error on the failure of the trial court to grant a judgment for the defendant notwithstanding the verdict for the plaintiff, and with regard to the general grounds, it is sufficient to say that, as pointed out in the first division of this opinion, there was ample evidence from which the jury was authorized to find that the stop made by the bus was

sudden, unusual and unnecessary. It follows that the verdict for the plaintiff was authorized by the evidence and the trial court did not err in overruling the general grounds of the motion for a new trial or in refusing to grant a judgment n.o.v.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*