39887. THOMAS et al. v. BARNETT, by Next Friend, et al.

718

Decided April 12, 1963—Rehearing denied May 8, 1963.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Barry Phillips, Telford, Wayne & Smith, Jeff C. Wayne,* for plaintiffs in error.

*Burt DeRieux, Greene, Neely, Buckley & DeRieux, A. Paul Cadenhead, Nall, Miller, Cadenhead & Dennis, Thomas A. Rice,* contra.

Carlisle, Presiding Judge. This was a suit for damages for personal injuries brought by Robert Gerald Barnett, a minor, by and through Comer L. Barnett, as next friend, against Mrs. Ellorie V. Smith, A. C. Smith, Roy Lee Thomas, Jr., and Roy Lee Thomas, Sr. After the defendants had filed their answers and demurrers and the demurrers had been overruled, the case came on for trial before the judge and a jury in the Superior Court of Forsyth County. At the conclusion of the evidence the

jury returned a verdict against both defendants in the amount of $70,000. The defendants Thomas made a motion for a new trial on the general grounds, which was amended by the addition of 17 special grounds, and also made a motion for a judgment notwithstanding the verdict, and these motions were overruled by the trial court. The assignment of error here is on the judgment overruling the demurrers and on the judgments overruling the motion for a new trial and the motion for judgment notwithstanding the verdict. For the report of the companion case, the appeal of the codefendants Smith, see *Smith v. Barnett*, post.

The petition alleged and the evidence adduced on the trial of the case tended to show substantially the following material facts. Robert Gerald Barnett, a minor 16 years of age at the time, was on July 20, 1960, riding as a gratuitous guest passenger in a Ford Falcon automobile, driven by Roy Lee Thomas, Jr., and owned by Roy Lee Thomas, Sr., and maintained by him as a family purpose automobile. This automobile was being driven by Roy Lee Thomas, Jr., in a northerly direction along U. S. Highway 19 approximately eight and one-half miles north of the city limits of Cumming, in Forsyth County, Georgia. At the time, the said Ford Falcon automobile was approaching an unpaved road intersecting from the east of said Highway 19. The said unpaved road intersected U. S. Highway 19 at a point just beyond the crest of a steep hill, with relation to the direction in which the Falcon was traveling. At the same time the defendant Ellorie V. Smith was driving a Ford station wagon owned by the defendant A. C. Smith and maintained by him as a family purpose automobile approaching the intersection from the north. As the automobile driven by defendant Thomas approached the intersection the visibility of the driver ahead was restricted to not more than 250 feet, due to the sharp curvature of the road, and he approached the intersection at a speed between 50 and 60 miles per hour. The defendant Ellorie V. Smith turned her station wagon across the road headed into the intersecting unpaved road immediately in front of the automobile driven by Thomas, Jr., who applied his brakes, lost control of his automobile, causing it to turn sideways across the road and to skid into the front end of Mrs. Smith's automobile, severely

damaging the Falcon and inflicting the injuries on the plaintiff for which he sued. The defendant Ellorie V. Smith was alleged to have been negligent in not operating her automobile on the right half of the highway, in failing to pass the Ford Falcon automobile to the right, in making a left turn across the lane of traffic when the Ford Falcon was approaching the intersection from the opposite direction, in turning her automobile into the left half of the highway in such a manner as to approach the intersection in the left half of the highway, and in failing to indicate by a proper signal her intention to make a turn, all of the aforesaid actions alleged to have been in violation of specified Code sections and to have constituted negligence per se. She was further alleged to have been negligent in failing to turn her automobile back into the right lane of the highway after observing the approach of the defendant Thomas' automobile, in failing to keep a proper lookout for other vehicles on the highway, in failing to anticipate the approach of the vehicle driven by the defendant Thomas, and in failing to ascertain that the way was clear before attempting a left turn. The defendant, Roy Lee Thomas, Jr., was alleged to have been negligent in operating his automobile at a speed in excess of the legal limit and in operating it in a manner which was not reasonable and prudent, taking into consideration the surrounding circumstances, in failing to reduce his speed upon approaching a curve, the crest of a hill and an intersection, and in failing to operate his vehicle at such a speed as to be able to control its movement, all of the aforesaid acts being alleged to have been in violation of specified Code sections and to have constituted negligence per se. It was further alleged that the defendant, Roy Lee Thomas, Jr., was guilty of negligence in losing control of the automobile, causing it to skid sideways, in failing to keep a proper lookout ahead and in failing to change the course of his automobile so as to avoid colliding with that of Mrs. Smith. These negligent acts of the defendant Thomas were alleged to have constituted gross negligence.

■ The defendants Thomas filed general and special demurrers to the petition. The trial court overruled them and this ruling is assigned as error. In connection with the general demurrer,

it is argued that the petition fails to allege any causal relation between the negligence charged to the defendants Thomas and the plaintiff's injuries. As to this contention, it is fundamental that for negligence to be actionable it must be the proximate cause of the injury or damage. *Shaw v. Mayor &c. of Macon,* 6 Ga. App. 306 (64 SE 1102); *Hall v. Hillside Cotton Mills,* 23 Ga. App. 464 (98 SE 401). The petition in this case alleges the facts respecting the occurrence of the collision and alleges that as a result of the occurrence of the collision of the two vehicles the plaintiff's body bore the direct force thereof and that as a result of the occurrence complained of plaintiff received a severe contusion of the brain rendering him totally unconscious, has suffered mental and physical pain and disability and will suffer the same for the balance of his life. Paragraph 18 of the petition alleges that the defendant, Roy Lee Thomas, Jr., was grossly negligent in seven particular ways enumerated therein. Paragraph 20 alleges that the defendant, Roy Lee Thomas, Sr., is liable to the plaintiff *for all of the acts of negligence committed by Roy Lee Thomas, Jr.,* because he furnished the automobile to Roy Lee Thomas, Jr., as a family purpose automobile. The allegations of negligence contained in paragraph 18 are clearly referrable to the facts alleged in the other paragraphs. With respect to these allegations it requires no construction of the petition to relate them to the facts alleged. If the petition was deficient on account of its failure to allege in exact terms that the negligence charged to the defendant Thomas, Jr., was the proximate cause, or a contributing cause, of the plaintiff's injuries, this defect was one of form only. It amounted to nothing more than a failure to allege an ultimate fact which was clearly shown by the facts pleaded anyway. This deficiency, if it was such, being one of form only, could have been reached only by a special demurrer pointing out specifically wherein the petition was deficient. *Katz v. Turner,* 49 Ga. App. 81 (2) (174 SE 250); *Hutchins v. Howard,* 211 Ga. 830, 831 (4) (89 SE2d 183). The defendant, however, did not demur specially on this ground and since this defect is at most an amendable one, and since the evidence introduced without objection clearly was sufficient to authorize the jury to find a causal connection between the negli-

gence of the defendant Thomas, Jr., and the plaintiff's injuries, the petition will be treated as having been amended by the evidence under the doctrine announced in *Harvey v. DeWeill*, 102 Ga. App. 394 (2b) (116 SE2d 747). The petition was not subject to general demurrer for any reason urged.

■ One of the assignments of error made in connection with the motion for a judgment n.o.v. and the general grounds of the motion for a new trial is that the evidence wholly failed to show any gross negligence on the part of the defendant, Roy Lee Thomas, Jr., and that the court should decide as a matter of law that the plaintiff ought not to recover against the defendants Thomas. The evidence of the plaintiff in this regard, as set forth in the statement of facts, supra, was sufficient to authorize the jury to find that the defendant, Roy Lee Thomas, Jr., was guilty of at least some of the acts of negligence charged in the petition. There is no difficulty in deciding this much of the issue, but the question of whether these acts may be characterized as gross negligence is somewhat more difficult. It takes but a casual examination of the cases, beginning with *Epps v. Parrish*, 26 Ga. App. 399 (106 SE 297), which established the gross negligence rule in Georgia, to see that the trend of the appellate courts in Georgia has been decidedly away from deciding this issue as a matter of law and more and more toward leaving the decision of such issues to the jury. A more careful scrutiny of the older cases, however, will reveal that in the majority of them, where the court held that the evidence was insufficient to authorize the jury to find gross negligence, the facts showed that the proximate cause of the accident was an act or omission of the host driver, usually a human or a natural reaction to some situation or occurrence in which the driver diverted his attention from the road momentarily, resulting either in his losing control of the automobile or permitting the automobile to run into a fixed object beside the road. See for example, *Harris v. Reid*, 30 Ga. App. 187 (117 SE 256); *Tucker v. Andrews*, 51 Ga. App. 841 (181 SE 673). On the other hand, a fairly recent case in which the juridical facts were substantially like those in the cases cited above resulted in a holding by this court (but with a strong dissent by Judges Felton and Worrill) to the effect

that the facts presented a jury question as to whether the defendant was guilty of gross negligence. *McGowan v. Camp*, 87 Ga. App. 671 (75 SE2d 350). Many other cases could perhaps be cited, but as illustrative of the aforementioned trend, see the recent case of *Jordan v. Fowler*, 104 Ga. App. 824 (123 SE2d 334).

In this connection, plaintiff in error argues that the negligence of the defendant Thomas, Jr., as charged in subparagraphs (d), (e) and (g) of paragraph 18 of the petition in losing control of his automobile and in failing to change the course thereof to avoid the collision were wholly unsupported by any evidence showing that such loss and control was precipitated by any act of gross negligence on the part of Thomas, Jr., in that Thomas, Jr., was faced with a sudden emergency upon seeing the defendant Smith's automobile cut in front of him. In view of the evidence as to the negligence charged against the defendant, Thomas, Jr., this argument is not valid. It overlooks the fact that this defendant was charged with negligence in operating his automobile at a speed that was not reasonable and prudent, taking into consideration the surrounding circumstances, the nature of the intersection and the locality of the intersection; in failing to reduce the speed of his automobile at a time when he was approaching a curve and approaching the intersection and approaching the crest of a hill.

While there was some conflict in the evidence in this regard, there was some evidence which would authorize the jury to find that the defendant, Thomas, Jr., was familiar with this portion of the highway which he was traveling and knew that the crest of this hill was a hazardous place. The evidence further shows without dispute that the locality was a thickly settled one, there being several residences within a narrow radius thereof, and there being one residence with a driveway leading thereto immediately adjacent to the side road into which the defendant, Mrs. Smith, was attempting to turn her automobile. The physical evidence introduced and included in the record sent to this court, consisting of pictures of the scene of the collision, shows that the approach to the intersection from the direction in which the defendant Thomas, Jr., was traveling was a very steep hill

with forward visibility limited to no more than 250 feet from the point of the collision. The defendant Thomas, Jr., himself, admitted that he approached the crest of this hill at a speed between 50 and 55 miles an hour and that he did not substantially reduce his speed on approaching the crest. It is argued with considerable vigor that since the evidence showed that the defendant Thomas, Jr., was not exceeding the State speed limit of 60 miles per hour that he could not have been found to have been guilty of gross negligence. To our minds, this is completely fallacious reasoning. The law fixing the maximum speed limit on State highways was intended to be nothing more than that, that is, a law limiting the maximum speed at which a motorist may travel at any time. It does not license the operation of an automobile at 60 miles per hour at all times and places, nor "at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." *Code Ann.* § 68-1626 (a). Properly interpreted, this provision of the law means that if the actual and potential hazards existing at any particular place on a highway require a speed of less than 60 miles per hour, then the operator should reduce the speed of his automobile at that place to whatever is reasonable and prudent under the conditions. Whether this has been done in any particular case is, of course, a question to be decided by the jury upon consideration of all the evidence, and cannot be passed upon by the court as a matter of law except in plain and indisputable cases. While we are aware that the courts have established a rule that the law does not require that the driver of a motor vehicle in ordinary circumstances should be able to stop his vehicle within the range of his vision, *Bach v. Bragg Bros.*, 53 Ga. App. 574 (186 SE 711), (a rule, the soundness of which, as thus broadly stated, has been drawn in question, see *Rogers v. Johnson*, 94 Ga. App. 666, 678, 96 SE2d 285, and we might add, it would seem, misinterpreted), this rule does not mean that the jury would not be authorized to find a party negligent in so driving his automobile but merely that this is not negligence per se. From all the facts and circumstances adduced in the evidence in this case, it is clear that the jury was authorized to find that

the defendant Thomas, Jr., was operating his automobile at a speed which was too great to permit him to stop after he saw the defendant Smith's automobile in his lane of traffic; that he applied his brakes and did everything he could to stop but lost control of his automobile and skidded into the Smith automobile after turning crosswise of the road. Clearly the jury was authorized to find that in so operating his automobile he was negligent, and while other men might disagree that such negligence was gross negligence, it was not palpably error for the jury to find that it was gross. See *Hennon v. Hardin,* 78 Ga. App. 81 (50 SE2d 236). It follows that the trial court did not err in overruling the general grounds of the motion for a new trial nor in denying the motion for a judgment n.o.v.

■ In this case complaint is made in special grounds 1, 2 and 3 of the motion for a new trial of all, or a part of, the following excerpt from the charge: "Gentlemen, as one item of damages the plaintiff sues for loss of earning capacity in the future as an adult. I charge you that this is a proper item of damages, if you find that the plaintiff is entitled to recover in the case. In this connection you are authorized to find such amount as in your impartial minds will fairly compensate the plaintiff for any impairment of future earning capacity after he reaches twenty-one years of age. In determining any impairment of such earning capacity you are not restricted to any given formula, but such determination is left to the sound judgment, experience and conscience of the jury." The contention is that this portion was unsound and incorrect as an abstract principle of law and that it authorized the jury to award damages to the plaintiff for diminished earning capacity after he becomes an adult without the necessity that he prove any amount; that it was not authorized because it was not supported by the evidence, in that there was no evidence that the plaintiff had ever been gainfully employed or that he would have been gainfully employed in the future and that accordingly there was no basis on which the jury could compute the amount of diminished or lost future earnings.

We recognize that there have been cases in which this court has held it was error for the trial court to give a charge au-

thorizing damages to a minor for loss of earning capacity in the absence of proof to establish the amount of such loss. *City Council of Augusta v. Drawdy*, 75 Ga. App. 543, 546 (43 SE2d 569) ; *Harris v. Combs*, 98 Ga. App. 418 (105 SE2d 760). However, it was decided in *Western &c. R. Co. v. Young*, 81 Ga. 397, 411, 418 (7 SE 912, 12 ASR 320) and *Betts Co. v. Hancock*, 139 Ga. 198, 208 (77 SE 77), that damages to a minor for impairment of future earning capacity may "be left to the conscience of impartial jurors, without any proof as to prospective earning capacity." These decisions have been applied in *Clary Maytag Co. v. Rhyne*, 41 Ga. App. 72 (151 SE 686) ; *Collins v. McPherson*, 91 Ga. App. 347 (85 SE 552) ; and *Royal Crown Bottling Co. v. Bell*, 100 Ga. App. 438 (111 SE2d 734). Accordingly, the instructions complained of in grounds 1, 2 and 3 were not error.

The trial court's failure to instruct the jury that in awarding damages they should consider that the plaintiff's capacity to labor and his earning capacity might decrease in his declining years, because of old age and bad health, was not error as contended in grounds 4 and 5. *Williams v. Young*, 105 Ga. App. 391, 401-404 (124 SE2d 795).

Neither was it error for the trial court to fail to charge, as contended in ground 6, that any amount of damages awarded the plaintiff for loss of adult earning capacity should be reduced to its present cash value. *Collins v. McPherson*, 91 Ga. App. 347, 352, supra.

█ In connection with the assignments of error on the charge of the court respecting damages, counsel assign error in special ground 7 of the motion on the court's action in overruling their objection to the following argument of counsel for the plaintiff which it was contended in the objection was contrary to law and wholly unsupported by any evidence introduced upon the trial of the case: "Gentlemen, one of the items of damages which you may consider and award the plaintiff is the loss of earnings which you determine he will sustain as the result of his injuries after he reaches twenty-one and throughout the remainder of his life. It is entirely up to you to determine how much you think the plaintiff may have earned during his lifetime

after reaching twenty-one. It is up to you to decide whether the plaintiff might have earned $50 a week or $100 a week or such other amount as you might determine during the rest of his life."

The argument complained of was improper in that it contended that the plaintiff could recover for "loss of earnings." See *Hunt v. Williams,* 104 Ga. App. 442 (122 SE2d 149). And since the plaintiff presented no evidence to show the plaintiff's adult earnings would be $50 or $100 per week, or any other amount, it was improper for counsel to suggest any amount to the jury as compensation for loss of earning capacity. Since this case will be reversed on another ground, it is not necessary to decide whether ground 7 shows error requiring a new trial. However, this division should be considered upon retrial of the case.

■ Each of the defendants in this case filed separate answers in which each admitted the occurrence of the collision and admitted the allegations of negligence charged against his codefendant but denied the allegations of negligence charged against him. The judge charged that the pleadings in the case were not evidence but might be considered as such by the jury insofar as the answer *of one or the other or both* of the defendants admitted the allegations of the plaintiff's petition; that in determining whether the defendants were guilty of negligence per se the jury would determine whether the defendants *or either of them* violated a valid law as charged by the plaintiff; that if the plaintiff proved and the jury should determine from the evidence *that the defendants or either of them* committed one or more of the acts of negligence charged in the petition and that such negligent act, or acts, *of the defendants, or either of them,* was the proximate cause of the plaintiff's injury and damage then the defendants would be liable; that the effect of the pleadings was to put the burden of proof upon the plaintiff and that the plaintiff had to prove by a preponderance of the evidence all material allegations of the petition *except such as were admitted by the defendants* in the case and that *all of those allegations admitted* would be taken by the jury to be true without the necessity of proof; and that if the jury should

find from the evidence that both defendants were guilty of negligence and that their joint and concurrent negligence was the proximate cause of the injuries to the plaintiff, then both would be liable. In special grounds 8, 9, 10, 16 and 17 the defendants Thomas make various assignments of error on these portions of the judge's charge, the substance of which is that these charges were confusing and misleading to the jury, that they failed to make a proper distinction between the separate contentions of the four defendants in the case, and failed to properly instruct the jury as to the effect of proof by the plaintiff of his charges of negligence against one of the defendants and the failure of such proof with respect to the other defendants; that such instructions were calculated to impress the jury that admissions of allegations of negligence by one defendant were binding on the other defendant and would authorize the jury to find against these defendants solely on the basis of admissions contained in the answer of their codefendants, and/or find against these defendants solely on the basis of negligence charged and proved against their codefendants.

In special ground 13 the following portion of the charge is assigned as error because it is contended that the italicized portion thereof was misleading and confusing to the jury, incorrectly stated the contentions of the movants, and that it deprived them of their substantial defense that the sole proximate cause of the plaintiff's alleged injuries and damages was the negligence of the other two defendants and that as to these defendants the collision was wholly unavoidable: "The plaintiff contends that these acts of negligence as set out and to which I have called your attention were the direct and proximate and concurring cause of injury and damage to the plaintiff. *All of these charges of negligence are denied by the defendants. The defendants deny that any negligence of either of them was the proximate cause of the plaintiff's injury and damage.*"

Ground 13 is meritorious. The sentence emphasized above literally misstated that the Thomases denied that the negligence of any of the defendants caused the plaintiff's injury, and if the jury literally followed it the defendant might have been harmed. Hence it is reversible error. *Baker v. Moore*, 182 Ga. 131, 137 (184 SE 729).

Since this case will be reversed on other grounds, it will not be necessary to decide whether or not the instructions complained of in grounds 8 and 16 would alone be reversible error. However, the trial judge should upon another trial give instructions making it clear that the admissions of one defendant shall not be considered as evidence against another defendant.

When the instructions complained of in grounds 9, 10 and 17, are considered in context with the charge as a whole, it is unlikely that they would mislead a jury of ordinary intelligence as contended by the defendants. They are therefore not reversible error. *Homasote Co. v. Stanley*, 104 Ga. App. 636, 639 (122 SE2d 523); *Underwood v. Atlanta &c. R. Co.*, 105 Ga. App. 340, 357 (124 SE2d 758); *Atlanta Metallic Casket Co. v. Hollingsworth*, 104 Ga. App. 154, 164, 165 (121 SE2d 388).

■ Special ground 11 assigns error on the refusal of the court to give the following requested charge: "I charge you that the mere fact that the Falcon automobile driven by Roy Lee, Jr., may have slipped or skidded on the highway at the time and place alleged is not alone sufficient, in and of itself, to authorize you to find that Roy Lee, Jr., was guilty of gross negligence in the operation of his automobile. The slipping or skidding of Roy Lee's automobile alone, unless shown to have been caused by some act of gross negligence on the part of Roy Lee, Jr., is as consistent with innocence on Roy Lee's part as it is with any negligence, and the fact that Roy Lee's Falcon may have slipped or skidded on the highway is not sufficient by itself to authorize you to find that such slipping or skidding resulted from some act of gross negligence on the part of Roy Lee, Jr." While this charge may have been abstractly correct under the ruling of this court in *Jackson v. Martin*, 89 Ga. App. 344 (1) (79 SE2d 406), yet, it is not *always* proper for the judge to charge the jury rules of law laid down by the appellate courts. This request was argumentative and tended to emphasize a contention of the defendants Thomas to the exclusion of contentions of the other parties in the case and would have tended to impress the jury that the only negligence charged or proven against Roy Lee Thomas, Jr., was that of permitting his automobile to slip or skid. This was not in accordance with the

pleaded facts or the evidence, and it was not error for the trial judge to refuse to give this request to charge. See *Hunt v. Pollard*, 55 Ga. App. 423, 425 (1) (190 SE 71); *Fleming v. Patterson*, 170 Ga. 495, 496 (4) (153 SE 37); *Western &c. R. v. Gray*, 172 Ga. 286 (7) (157 SE 482); and *Abercrombie v. McLarty*, 173 Ga. 414 (3) (160 SE 611).

■ Special ground 12 complains of the failure of the court to instruct the jury, without request, that a person faced with a sudden emergency or imminent peril is not held to the same degree of care to which he would be held if he were acting without the compulsion of such an emergency, and that a person has the right to choose even a dangerous course when faced with a sudden emergency if that course seems to him to be the safest under the circumstances. No issue as to emergency was raised by the answer of the defendants Thomas. Thus while the evidence may have presented such an issue the pleadings did not, and it was not error for the court to fail to instruct the jury on this issue in the absence of a timely written request therefor. *Hardwick v. Georgia Power Co.*, 100 Ga. App. 38, 45 (5) (110 SE2d 24); *Bibb Transit Co. v. Scott*, 101 Ga. App. 352, 357 (4) (114 SE2d 43).

■ In special ground 14 it is contended that since the plaintiff called the defendant, Roy Lee Thomas, Jr., to the stand for cross-examination as an adverse party, the court erred in refusing the request of counsel for the defendant, Roy Lee Thomas, that he be permitted to examine him at that time, it being the contention of counsel for the plaintiffs in error that they had an absolute right to do this. This contention is not meritorious. *Barton v. Strickland*, 208 Ga. 163 (65 SE2d 602), and cits.

The petition was not subject to any of the demurrers filed by the defendant, nor did the trial court err in overruling the special demurrers.

For the reasons pointed out in Division 5 above, the court erred in overruling the motion for a new trial.

*Judgment reversed. Bell and Hall, JJ., concur.*

BELL, Judge, concurring specially. I concur with the result

and with most of what is said in Judge Carlisle's opinion but feel that in two particulars further comment is indicated.

■ Special ground 5 of the motion for new trial urges as erroneous the failure of the trial court to instruct the jury, in absence of request, of a possible decrease in the plaintiff's earning capacity in the future because of the vicissitudes of old age which should be taken into consideration in awarding damages for permanent injuries.

In urging their point, the sagacious counsel for the defendant in error correctly state that there is an apparent conflict in two decisions of this court, both reported in Volume 105 of the Georgia Appeals Reports. One of these cases was written by Presiding Judge Carlisle of this division (*Williams v. Young*, 105 Ga. App. 391, 400 (4), 124 SE2d 795), and I wrote the other with Judge Hall of this division concurring (*Porter v. Bland*, 105 Ga. App. 703, 708, 125 SE2d 713). Strangely enough, under the present confused status of prior decisions on the point, both Judge Carlisle's *Young* and my *Bland* are accurate pronouncements of the law. This anomaly is occasioned by numerous conflicting precedents extant both in the Supreme Court Reports and in the Reports of this court. Although attempts have been made from time to time to reconcile the conflicting views, the efforts have never been convincing and the disorder lingers. For citations of the conflicting authorities and for attempts to reconcile them see generally *Atlantic C. L. R. Co. v. Thomas*, 83 Ga. App. 477, 490 (7) (64 SE2d 301); *Draper Canning Co. v. Dempsey*, 91 Ga. App. 593, 597 (b) (86 SE2d 678); and *Williams v. Young*, 105 Ga. App. 391, 400 (4), supra.

The question so confused is not at all a difficult one. The solution is simple. Indeed precedent, clear and succinct, already exists which, if firmly approved by sufficient authority, would forever eliminate this contradiction in the law. This court cannot perform the service, as decisions of the Supreme Court are involved on each side of the pickle.

The simple and common sense solution is to be found in the case of *Central of Georgia R. Co. v. Ray*, 129 Ga. 349, 353 (2) (58 SE 844), where Mr. Justice Evans said: "Complaint is made of an omission of the court, when charging on the subject of

damages, to call the attention of the jury to the decrease in the earning capacity which naturally results from advancing age, probable loss of employment, inability to labor and to secure work. In the process of reaching a correct result from the evidence, juries may take into consideration such universal experiences in human life, as criteria in weighing the evidence in the particular case. The judge may refer in his charge to such matters as the plaintiff in error complains he omitted in this case. *Fla. C. R. Co. v. Burney*, 98 Ga. 1 (26 SE 730). The jury are presumed to be as cognizant of these common phenomena of human experience as the judge; and if their attention is specially desired to be directed thereto, a timely written request should be made."

As Judge Townsend points out in *Dempsey*, the *Ray* case has never been disproved or overruled, and the rule of law which it declared on the subject is a rule of common sense.

Despite its sound logic and its simplicity, although cited numerous times, *Ray* has been both followed, *Merchants &c. Co. v. Corcoran*, 4 Ga. App. 654, 669 (62 SE 130); *Western &c. R. Co. v. Frazier*, 66 Ga. App. 275 (18 SE2d 45); and *Draper Canning Co. v. Dempsey*, 91 Ga. App. 593, 597 (b), supra; and ignored, *Atlantic C. L. R. Co. v. Thomas*, 83 Ga. App. 477, supra; and *Furney v. Tower*, 34 Ga. App. 739, 740 (6) (131 SE 177).

The rules on the point to be derived from *Ray*, as explained in *Dempsey* and *Corcoran*, where the pleadings and the evidence are sufficient to warrant consideration of the subject, are:

(1) It is never error for the judge to charge in this respect.

(2) In absence of a specific written request, even if authorized, it is not reversible error for him not to so charge.

(3) Where a correct written request is submitted, it is error for the trial judge to fail to so charge.

Speaking for Presiding Judge Carlisle, Judge Hall and myself, we can only announce that in absence of clarification by higher authority or of a clear mandate by the Supreme Court, we shall hereafter apply these rules to every case where appropriate. They are appropriate in this case.

■ With respect to Division 3 of the opinion which is concerned with the degree of proof required to permit an injured

minor to recover for loss of future earning capacity, again I think that clarification by higher authority would be most helpful to the bench and bar.

Here the difficulty arises through two confusing Supreme Court decisions, each of which was written by Mr. Chief Justice Bleckley. They are *Western &c. R. Co. v. Young*, 81 Ga. 397 (4) (7 SE 912, 12 ASR 320) and *Western &c. R. Co. v. Young*, 83 Ga. 512, 516 (2) (10 SE 197). Compare these decisions with *Betts Co. v. Hancock*, 139 Ga. 198, 207 (9) (77 SE 77) and with *Lanier v. O'Bear*, 101 Ga. App. 667 (115 SE2d 110).

My own views on the subject are indicated in my dissent in the *O'Bear* case. Although the majority of this court, as then composed, apparently felt the other way in *O'Bear,* I am constrained to the belief that the decisions of the Supreme Court require the result reached by Presiding Judge Carlisle in Division 3 of his opinion, and I, therefore, must concur with it.