41221. GRIMES, Executrix v. GANO.

ARGUED MARCH 2, 1965—DECIDED APRIL 6, 1965.

*Emmett O. Dobbs, Jr., Paul L. Lindsay, Jr.,* for plaintiff in error.

*Thomas J. Dillon,* contra.

NICHOLS, Presiding Judge. ■ The first special ground of the motion for new trial assigns error on the failure of the trial court to instruct the jury that the landlord is not liable for a defect in the premises where the rental contract provides otherwise.

The plaintiff in error alleged in her cross action that she prepared and executed a lease and that it was submitted to the plaintiff who immediately moved into the premises but to her knowledge never executed the lease at all. The evidence adduced on the trial showed without dispute that the plaintiff moved into the premises upon an oral agreement between himself and R. P. Dobbs as representative of the executrix of the estate of O. R. Dobbs and that it was only after he had been in the premises for a week or more that the lease was presented to him. Under such circumstances the issue which the plaintiff in error contends should have been charged was not raised by both the pleadings and the evidence since the pleadings contended the plaintiff moved in under a written lease and the evidence showed without dispute that no written lease was presented to him until after he was occupying the premises.

"It is not error for the trial court to fail to charge without request on an issue which is not raised both by the pleadings and the evidence. *Hardwick v. Ga. Power Co.*, 100 Ga. App. 38, 45 (5) (110 SE2d 24)." *Bibb Transit Co. v. Scott*, 101 Ga. App. 352, 357 (114 SE2d 43).

■ Special grounds 5 and 6 assign error on an excerpt from the court's charge as follows: "It is the duty of the landlord to turn over real property to the tenant in a condition reasonably safe and suited for the purpose intended, and free of such latent defects—recalling, Gentlemen, that latent defects are those which cannot be discovered by inspection—free of such latent defects as the exercise of ordinary diligence on the part of the landlord would have discovered." Special ground 5 assigns error on the charge as given because it placed a duty on the landlord to keep the premises free of latent defects after possession had been surrendered to the tenant and without notice to the landlord of such defects. The charge as given stated a correct principle of law (see *Weyman v. Maynard*, 24 Ga. App. 94 (2), 100 SE 25; *King v. Investors' Mortgage &c. Co.*, 51 Ga. App. 235 (1), 179

■

546

SE 910, and citations), and it would not authorize the jury to find the landlord liable for defects arising after the tenant went into possession of which no notice had been given.

The complaint in special ground 6 is that the trial judge failed to complete his charge on such subject because he failed to instruct the jury that no duty rests upon a landlord to discover latent defects arising subsequent to the entry by the tenant in the absence of actual notice to the landlord. While the evidence showed that the plaintiff's alleged damages arose after he had been in possession of the premises for a period of time there was no evidence to show that the "defect" causing such alleged damages arose subsequent to the plaintiff's entry on the premises. Accordingly, the charge contended for in special ground 6 of the defendants' amended motion was not authorized by the evidence.

■ In passing upon the usual general grounds of a motion for new trial this court passes upon the sufficiency of the evidence only and not the weight of conflicting evidence nor the credibility of witnesses (which are questions for the trial judge's consideration in exercising his discretion upon such question) and the sole question presented by an assignment of error on the overruling of such motion is whether there was any competent evidence to authorize the verdict rendered and approved by the trial court. See *Adler v. Adler,* 207 Ga. 394, 405 (61 SE2d 824); *Canal Ins. Co. v. Winge Bros.,* 97 Ga. App. 782, 787 (104 SE2d 525); *Halpern v. Strickland,* 98 Ga. App. 890, 891 (107 SE2d 227).

The evidence adduced on the trial of the case sub judice, while not without conflict, was sufficient to authorize the verdict of the jury and the judgment overruling the defendants' motion for new trial was not error for any reason assigned.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*